UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
INDEPENDENT ASSET MANAGEMENT LLC, ) Case No. 1:07-cv-06431-JSR
) 
) ECF
) 
) JURY TRIAL DEMANDED
          Plaintiff, )
)
vs. )
)
DANIEL ZANGER, )
)
          Defendant. )
)
)
------------------------------------------------------------- x

## ANSWER TO THE AMENDED COMPLAINT AND COUNTERCLAIMS

Daniel Zanger ("Zanger") for his Answer to the Amended Complaint in this action avers in response to the corresponding numbered paragraphs of the Amended Complaint, as follows:

### NATURE OF THE CASE

1. Zanger denies all allegations set forth in this paragraph of the Amended Complaint, except admits that Zanger has not paid any money to IAM as a result of negotiations held through his attorney.

### PARTIES

2. Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that IAM was trading manager and marketer for IFL.

3. Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint.

4. Zanger states that he is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that Zanger is a multi-millionaire and is a citizen of the United States and the State of California.

## JURISDICTION AND VENUE

5.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that this Court has subject matter jurisdiction over this case under 28 U.S.C.§§1332(a)(1)-(2) and personal jurisdiction over the parties.

6.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that Zanger submitted himself to jurisdiction in this district by signing a contract with IAM in New York City.

7.     Zanger admits the allegations set forth in this paragraph of the Amended Complaint.

## FACTS

8.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint.

9.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that a trading manager manages the assets of a hedge fund.

10.    Zanger states that he is without knowledge or information sufficient to form a belief as to

the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint.

11. Zanger admits the allegations set forth in this paragraph of the Amended Complaint.

12. Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint.

13. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

14. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that under the Agreement Zanger agreed to invest at least $5 million of his own money in IFL and refers to the Agreement for the complete contents thereof.

15. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that the Agreement provided for compensation to IAM and refers to the Agreement for the complete contents thereof.

16. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that the Agreement provided for compensation to IAM and refers to the Agreement for the complete contents thereof.

17. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that the Agreement provided for compensation to IAM and refers to the Agreement for the complete contents thereof.

18. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

19. Zanger denies the allegations set forth in this paragraph of the Amended Complaint and refers to the Agreement for the complete contents thereof.

20. Zanger denies the allegations set forth in this paragraph of the Amended Complaint,

except admits that the Prime Brokerage Agreement contained a provision that "[c]ustomer agrees not to make any trade which would have the effect of exceeding the limitations thus imposed upon it."

21.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Power of Attorney, dated as of August 25, 2005, and refers to the Power of Attorney for the complete contents thereof.

22.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except admits that a drawdown is an unrealized or realized loss which is calculated on a fund's decline from its historical peak.

23.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that a margin call occurs when an investor has borrowed money to purchase securities and the value of the securities falls below a preset amount, and that if the value of the securities falls below a present amount, a margin call will subsequently issue.

24.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that he deposited $5 million into the account.

25.     Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint, except denies that Zanger engaged in poor performance.

26.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint,

except admits accusing IAM of "making money" off of him.

27.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

28.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

29.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that there were at least 115 margin calls that were met.

30.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint and refers to the Prime Broker's house margin rules, Regulation T, and Rule 431 of the New York Stock Exchange for the complete contents thereof.

31.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

32.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

33.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

34.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that he attempted to redeem funds that he previously personally deposited with IFL, and admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Power of Attorney, dated as of August 25, 2005, and refers to the Power of Attorney for the complete contents thereof.

35.    Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint; except denies that Zanger violated the Agreement in connection with the manner in which Zanger wired the money.

36.    Zanger denies the allegations set forth in this paragraph of the Amended Complaint and refers to the Agreement for the complete contents thereof.

37. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that there were two day trading calls that were not met.

38. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that NYSE Rule 431(f)(B) contains provisions relating to day trading and refers to Rule 431(f)(B) for the complete contents thereof.

39. Zanger denies the allegations set forth in the first sentence of this paragraph of the Amended Complaint, except admits that there was a day trading call on November 9, 2006, and as for the second sentence of this paragraph of the Amended Complaint, Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this sentence, and, on that basis, denies, generally and specifically, each and every allegation of this sentence of the Amended Complaint.

40. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

41. Zanger denies the allegations set forth in the first sentence of this paragraph of the Amended Complaint, except admits stating that "I'm not sending in any more money . . no more 3-4 week waits," and as for the second sentence of this paragraph of the Amended Complaint, Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this sentence, and, on that basis, denies, generally and specifically, each and every allegation of this sentence of the Amended Complaint.

42. Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that the day trading call was not met by November 16, 2006.

43. Zanger states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and, on that basis, denies, generally and specifically, each and every allegation of this paragraph of the Amended Complaint.

44.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that there was a day trading call on November 30, 2006, and that the call was not met by December 7, 2006.

45.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that because the November 9, 2006 and November 30, 2006 margin calls were not met, the Prime Broker restricted IFL's account to trading on a cash available basis for ninety (90) days.

46.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

47.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that on December 11, 2006, the Prime Broker restricted the account to liquidating or closing transactions.

48.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that IAM voluntarily permitted Zanger to redeem his shares in IFL.

49.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

50.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

## Count I-Breach of Contract

51.     Zanger repeats and realleges his responses to Paragraphs 1-50 of the Amended Complaint as if fully set forth herein.

52.     Zanger admits the allegations set forth in this paragraph of the Amended Complaint.

53.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

54.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

55.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

56.     Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

57.	Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that there were at least 115 margin calls that were covered and two day trading calls that were not covered; and admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Prime Brokerage Agreement and Power of Attorney, dated as of August 25, 2005, and refers to the Agreement, Prime Brokerage Agreement, and Power of Attorney for the complete contents thereof.

58.	Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that he did not cover a margin call of $2,850,461; and admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Prime Brokerage Agreement and Power of Attorney, dated as of August 25, 2005, and refers to the Agreement, Prime Brokerage Agreement, and Power of Attorney for the complete contents thereof.

59.	Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits making trades on November 9 and 30, 2006; admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Prime Brokerage Agreement and Power of Attorney, dated as of August 25, 2005, and refers to the Agreement, Prime Brokerage Agreement, and Power of Attorney for the complete contents thereof.

60.	Zanger denies the allegations set forth in this paragraph of the Amended Complaint, except admits that he redeemed an amount from IFL to compensate himself for funds transferred to IFL; and admits that in connection with the Agreement between Zanger and IAM, dated as of October 19, 2004, there was a Power of Attorney, dated as of August 25, 2005, and refers to the Agreement and Power of Attorney for the complete contents thereof.

61. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

62. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

In response to IAM's prayer for relief, Zanger denies that IAM is entitled to any relief.

### Count II-Breach of Fiduciary Duty

63. Zanger repeats and realleges his responses to Paragraphs 1-62 of the Amended Complaint as if fully set forth herein.

64. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

65. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

66. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

67. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

68. Zanger denies the allegations set forth in this paragraph of the Amended Complaint.

In response to IAM's prayer for relief, Zanger denies that IAM is entitled to any relief.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

The Amended Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Zanger, and fails to state facts sufficient to entitle IAM to the relief sought, or to any other relief from Zanger.

### SECOND DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

IAM has failed to mitigate its damages.

## THIRD DEFENSE

### (ESTOPPEL)

Any damages which IAM may have suffered, which Zanger continues to deny, were the direct and proximate result of the conduct of IAM. Therefore, IAM is estopped and barred from recovery of any damages.

## FOURTH DEFENSE

### (LACHES)

The Complaint and each claim for relief therein is barred by laches.

## FIFTH DEFENSE

### (WAIVER)

IAM waived any right to insist upon strict compliance with the Agreement.

## SIXTH DEFENSE

### (WAIVER)

IAM voluntarily agreed that Zanger could redeem his monies in IFL, and therefore has waived any claim to damages or otherwise based upon an alleged termination of IFL.

## SEVENTH DEFENSE

### (ACQUIESCENCE)

IAM acquiesced to Zanger's conduct, as IAM was aware of Zanger's trades on behalf of IFL.

## EIGHTH DEFENSE

### (BREACH OF CONTRACT BY IAM)

IAM breached the Agreement, and may not now seek a recovery thereon.

## NINTH DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Zanger reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

## COUNTERCLAIMS

1. The following counterclaims arise out of the transaction or occurrence that is alleged as the subject matter of IAM's Amended Complaint. This Court has jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1332 (a)(1)-(2), 28 U.S.C. § 1367, and Fed. R. Civ. P. 13. Venue is proper under 28 U.S.C. 1391 (a)(2).

2. These Counterclaims arise under the transaction(s) or occurrence(s) that are the subject matter of IAM's claims.

3. On October 19, 2004, Counter-Claim Plaintiff ("Zanger") entered into an Agreement (the "Agreement") with Independent Asset Management, LLC ("IAM").

4. Zanger was induced to enter the Agreement by the promise of an effective marketing of his management abilities by George Szele ("Szele"), and Joseph Porco ("Porco"), both Managing Directors of IAM, a promise that was made on behalf of IAM. In consideration of these marketing services, and pursuant to the Agreement, Zanger lent his name and reputation and deposited $5 million into the Independent Fund Limited ("IFL").

5. Under the Agreement, Zanger was entitled to fifty percent (50%) of the Management Fees and seventy-five percent (75%) of the Performance Fees inuring from IFL. The Management Fee was two percent (2%) of the total assets under management ("AUM"), and the Performance Fee was twenty percent (20%) of returns. Also under the terms of this Agreement,

Management and Performance Fees were due to Zanger "within twenty (20) business days of IAM's receipt of such fees from IFL." *See* Agreement, § 2. No Management or Performance Fees have been paid to Zanger since April of 2006.

6. Zanger also paid a $100,000 capital advance in connection with the Agreement, and a $50,000 advance in connection with the Addendum Agreement. These capital advances were to be repaid according to a particular formula before IAM received its share of any Fees. IAM was contractually prohibited from taking its portions of the Management and Performance Fees until the advances were repaid to Zanger.

7. There are undocumented debits to the Class Z fund since its inception.

8. The Agreement further stated that "IAM and DZ [Zanger] agree to conform with all reasonable requests of the other with respect to this Agreement and operations related thereto, including requests to see financial and performance records . . . Non-compliance with any reasonable request shall be considered a breach of this Agreement." Despite repeated requests by Zanger's legal representative for documentation regarding the financial condition of IFL, IAM either refused to provide the documentation or did so on a delayed basis.

**FIRST COUNTERCLAIM FOR BREACH OF CONTRACT**

9. Zanger repeats and realleges each and every allegation contained in paragraphs 1 through 8, inclusive.

10. A series of valid contracts (the "Agreement" and "Addendum Agreement") existed between IAM and Zanger.

11. IAM breached, willfully or with gross negligence, the provision of the Agreement which stated that Zanger was entitled to fifty percent (50%) of the Management Fees and seventy-five percent (75%) of the Performance Fees inuring from IFL. The Management Fee was two percent (2%) of the total assets under management ("AUM"), and the Performance Fee was twenty percent (20%) of returns. Also under the terms of the Agreement, Management and Performance Fees were due to Zanger "within twenty (20) business days of IAM's receipt of such fees from IFL." *See* Agreement, § 2. IAM breached, willfully or with gross negligence, the Agreement by refusing to pay certain Management Fees or Performance Fees due and owing to Zanger.

12. IAM breached its contractual obligations, willfully or with gross negligence, by refusing to repay $50,000 paid to it by Zanger, funds that were designated for re-transfer to a firm referred to as RCA in consideration of marketing services to be provided by RCA. Although RCA did not provide these services, IAM is under a contractual, fiduciary, and common-law duty to restore those monies to Zanger notwithstanding IAM's failure to secure a recovery of these funds from RCA.

13. IAM has also breached, willfully or with gross negligence, the implied covenant of good faith and fair dealing that inheres in every contractual relationship.

14. As a result of IAM's multiple willful or grossly negligent breaches, Zanger was damaged in that he did not receive payment or use of a significant amount of the contractually owed Management and Performance Fees, nor did he receive repayment of his payment to RCA.

**SECOND COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY**

15.     Zanger repeats and realleges each and every allegation contained in paragraphs 1 through 14, inclusive.

16.     As it was entrusted with the handling of Zanger's capital advances and his deposit of funds into the Class Z shares of IFL, as well as the disbursement of Zanger's earned Management and Performance Fees from his management of the Class Z Shares of IFL; and as it had the ability to make withdrawals from IFL that would reduce the final net asset value of IFL and thereby reduce the amount paid to Zanger upon his redemption of monies from IFL, IAM owed Zanger fiduciary duties of care, loyalty, and good faith.

17.     Due to self-dealing and material conflicts of interest, by withholding Management and Performance Fees due under the Agreement and Addendum Agreement, and by not being candid and transparent while undertaking these actions, IAM breached these duties.

18.     As a result of IAM's multiple willful or grossly negligent breaches, Zanger was damaged in that he did not receive payment or use of a significant amount of the contractually owed Management and Performance Fees, nor did he receive repayment of his $50,000 advance to RCA.

**THIRD COUNTERCLAIM FOR ACCOUNTING**

19.     Zanger repeats and realleges each and every allegation contained in paragraphs 1 through 18, inclusive.

20.     As demonstrated above, a fiduciary relationship existed between Zanger and IAM.

21.     Zanger entrusted his funds to IAM, specifically a $100,000 cash advance in connection with the Agreement, a $50,000 capital advance in connection with the Addendum Agreement, a $50,000 advance to be transferred to RCA, and an opening deposit of funds into the Class Z shares of IFL.

22.     No contractually owed Management or Performance Fees have been paid to Zanger since April of 2006, and Zanger's $50,000 designated advance to RCA has not been repaid, among other omissions described herein.

23.     There are undocumented debits and transfers to the Class Z fund since its inception. Despite repeated requests by Zanger's legal representative for documentation regarding the financial condition of IFL and substantiating these debits and transfers from IFL, IAM either refused to provide the documentation or did so on a delayed basis, notwithstanding the provision of the Agreement which stated that "IAM and DZ [Zanger] agree to conform with all reasonable requests of the other with respect to this Agreement and operations related thereto, including requests to see financial and performance records . . . Non-compliance with any reasonable request shall be considered a breach of this Agreement."

24.     An accounting is necessary, as proper documentation has not been provided to Zanger regarding payments and withdrawals from IFL by IAM that reduced the net asset value of IFL, upon which Zanger's redemption price was based; and there is no other remedy that would establish whether Zanger received the proper redemption price for his shares in IFL.

WHEREFORE, Zanger prays for:

    A.      An award of compensatory damages in an amount to be determined at trial;

B.	An award of the unpaid Management and Performance Fees due and owing to Zanger;

C.	An accounting of, without limitation, the debits and transfers from IFL and monies paid to Zanger;

D.	An award of attorney's fees and costs incurred by Zanger; and

E.	Any such other and further relief as this Court deems just and proper.

Dated:  New York, New York  
        January 3, 2008

Respectfully submitted,

*s/ Matthew E. Szwajkowski*  
Thomas H. Sear (TS-5570)  
Matthew E. Szwajkowski (MS-8362)  
JONES DAY  
222 East 41st Street  
New York, NY 10017-6702  
Telephone:  (212) 326-3939  
Facsimile:  (212) 755-7306  
mszwajkowski@jonesday.com

*Attorneys for Daniel Zanger*

## **CERTIFICATE OF SERVICE**

The foregoing document was served on the following counsel of record on January 3, 2008 via the method listed below:

**E-Mail and UPS**

John Balestriere
Craig Stuart Lanza
Balestriere PLLC
225 Broadway, Suite 2700
New York, NY 10007
clanza@balestriere.net

*s/ Matthew E. Szwajkowski*