UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | | |
|---|---|---|
| INDEPENDENT ASSET MANAGEMENT LLC, | ) | Case No. 1:07-cv-06431-JSR |
| | ) | |
| | ) | ECF |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL ZANGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

------------------------------------------------------------- x

## ZANGER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO IAM

Daniel Zanger ("Zanger"), by his attorneys, Jones Day, hereby requests, pursuant to

Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rules 26.2 and 26.3 of the Local

Civil Rules of the United States District Court for the Southern District of New York, that

Independent Asset Management, LLC ("IAM") produce for Zanger's inspection and copying the

documents described below at 10:00 a.m. on February 7, 2008 at the offices of Jones Day, 222

East 41st Street, New York, New York 10017-6702.

## DEFINITIONS

In addition to the definitions contained in Rule 26.3 of the Local Civil Rules, the

following definitions and instructions shall apply to each individual request in this Request for

Production of Documents (the "Request") as if fully set forth therein:

A.    "Communications" shall include without limitation emails, letter correspondence, instant messages, etc.

B.    "Zanger" shall refer to Defendant and Counter-Claim Plaintiff Daniel Zanger.

C.    "IFL" shall refer to The Independent Fund Limited.

D.    "IAM" shall refer to Plaintiff Independent Asset Management, LLC, and all of its officers, directors, and General or Limited Partners.

E.    "Agreement" refers to the October 19, 2004 Agreement between IAM and Zanger.

F.    "Prime Broker" shall refer to Goldman Sachs Execution and Clearing, L.P, its parent Goldman Sachs, and all affiliated divisions and sub-entities.

G.    "Fund Administrator" shall refer to Butterfield Fund Services (Bermuda) Limited.

H.    "Szele" refers to George Szele, Managing Director of Independent Asset Management, LLC.

I.    "Porco" refers to Joseph Porco, Managing Director of Independent Asset Management, LLC.

J.    "Holmstrom" shall refer to investor in IFL, and former Plaintiff, Ola Holmstrom.

K.    "Class Z" shall refer to the Class Z shares of the Independent Fund Limited.

L.    "NAV" refers to Net Asset Value.

M.    "Interactive" refers to Interactive Brokerage.

N.      "BMA" refers to Bermuda Monetary Authority.

O.      "Sea Carriers" refers to Sea Carriers Limited Partnership I.

P.      "Deloitte" refers to Deloitte and Touche LLP.

Q.      "Victory Lane" refers to Victory Lane Inc., the holding company of which
Zanger was president.

## INSTRUCTIONS

A.      Whenever a request calls for information which is not available to you in
the form requested, but is available in another form or can be obtained, at least in part, from
other data in your possession, so state and either supply the information requested in the form in
which it is available or supply the data from which the information requested can be obtained.

B.      The time frame for this Request, unless otherwise indicated or agreed by
the parties, is January 1, 2001 to the present.

C.      This Request is continuing in nature.  IAM must supplement its responses
to this Request as and when additional responsive documents become known or available to IAM
prior to trial.

D.      IAM shall produce all documents in its possession, custody or control,
including documents in the possession, custody or control of IAM's officers, directors,
employees, agents, representatives, successors, assigns and all persons acting or purporting to act
on behalf of IAM or who are in possession of or who may have obtained information for or on
behalf of IAM in regard to the subject matter of this case.

E.      Each document request should be construed independently.  No request
shall be construed by reference to any other request if the result is a limitation of the scope of the
response to such a request.

F.      If IAM objects to any request, or part thereof, (a) state with specificity all grounds for such objection; and (b) respond to the request to the extent it is not subject to the objection.

G.      Each document request shall be separately set forth and accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by IAM's response.

H.      No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

I.      If IAM is unable to answer any document request, the reasons for IAM's inability to answer shall be separately stated in detail for each document request.

## REQUESTS FOR DOCUMENT PRODUCTION

1.      Any and all documents memorializing communications, including but not limited to agreements, contracts and understandings, between IAM and the Prime Broker, especially but not limited to all communications in November and December of 2006.

2.      Any and all communications between IAM and the Fund Administrator.

3.      Any and all documents memorializing communications between IAM and Zanger.

4.      Any and all documents memorializing communications between IAM and Holmstrom.

5.      Any and all documents memorializing communications between IAM and Interactive, including but not limited to any and all communications regarding the $300,000 investment set up in Interactive sub-accounts of IFL.

6.      Any and all documents memorializing communications between IAM and the BMA.

7.      Any and all documents memorializing communications between and among IAM internal staff.

8.      Any and all documents memorializing communications between and among IFL internal staff.

9.      Any and all documents memorializing communications authored by or regarding the IFL Board of Directors.

10.     Any and all documents memorializing communications authored by or regarding Szele and Porco in connection with their roles as Managing Directors of IAM, from 2004-06.

11.     Any and all documentation regarding margin calls, day trading calls, and Zanger's covering of margin calls.

12.     All documentation concerning the current legal status of IFL.

13.     All documentation concerning deposits to IFL and redemption from IFL.

14.     All documentation, reviews, audits, and communications of Deloitte in connection with its audits of IFL.

15.     All documentation concerning fees paid to Deloitte by IFL for auditing services.

16.     All documentation concerning marketing efforts by or for IAM in connection with IFL, including without limitation marketing brochures, records of marketing appointments, and other documentation.

17.     All documentation concerning marketing expenditures of IAM in connection with IFL.

18.     All checks and backup documentation for payments and fees made from IFL to IAM.

19.     All documentation pertaining to debits made by IAM from IFL during the 2005-06 time period, and the ultimate recipient(s) or transferee(s) of these debits.

20.     All documents pertaining to accounting for total Management and Performance Fees earned from the Class Z fund since its inception; and a breakdown as between IAM's and Zanger's receipt thereof, and the percentage share received by Zanger.

21.     All financial statements of IFL from its inception through the present, including, without limitation, IFL's income statements, balance sheets, trial balances, cash flow statements, statements of partners' equity, and payments of auditing fees.

22.     All monthly bank statements and copies of cancelled checks for IAM's JP Morgan Chase account.

23.     All documentation of the "non-trade related expenses" of IFL for 2005-06.

24.     All documentation substantiating the $137,489 in performance fees, $104,564 in management fees, $41,075 in professional fees, $33,328 in communication expenses, and $72,798 in "other expenses" listed in IFL's 2006 financial statements.

25.     All documentation justifying the retainer of 5% in calculating Zanger's redemption amount and the timing of this retainer.

26.     All documentation relating to IFL's "full redemption of its investment in Sea Carriers… of $296,998" (*see* Note 3, 2006 Financial Statements of IFL), and all documentation relating to the application of that sum in calculating the NAV for Zanger's redemption.

27.     All documentation pertaining to the Fund Administrator's periodic interim, and final, NAV calculations for the Class Z shares of IFL.

28.     All documentation pertaining to the payment of $50,000 from Zanger to IAM, the subsequent transfer of these funds to RCA, and efforts by IAM to recover this sum.

29.     All documentation pertaining to Victory Lane.

30.     All documentation from November and December 2006 detailing IAM's exploration of a new prime brokerage agreement.

31.     All documentation from November and December 2006 detailing IAM's reaction to trading freeze instituted by Prime Broker.

32.     All documents allegedly supporting or relied upon by IAM in connection with the allegations set forth in the Amended Complaint.

33.     All documents allegedly supporting or reflecting the calculation of alleged damages set forth in the Amended Complaint.

Dated:  New York, New York
            January 3, 2008

Respectfully submitted,

*s/ Matthew E. Szwajkowski*
Thomas H. Sear (TS-5570)
Matthew E. Szwajkowski (MS-8362)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
mszwajkowski@jonesday.com

*Attorneys for Daniel Zanger*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document was served on the following counsel of record on January 3, 2008 via the method listed below:

**<u>E-Mail and UPS</u>**

John Balestriere
Craig Stuart Lanza
Balestriere PLLC
225 Broadway, Suite 2700
New York, NY 10007
clanza@balestriere.net

*s/ Matthew E. Szwajkowski*