UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INDEPENDENT ASSET MANAGEMENT LLC and OLA HOLMSTROM,**<br><br>       **Plaintiffs**<br><br> - against -<br><br>**DANIEL ZANGER,**<br><br>       **Defendant.** | 1:07-CV-06431-JSR<br><br>ECF |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiff Independent Asset Management LLC ("IAM") hereby requests that Defendant Daniel Zanger ("Zanger") serve upon the undersigned attorneys sworn written answers to each of the interrogatories set forth below within thirty days after service hereof.

## INSTRUCTIONS

  A. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

  B. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information as required by Local Rule 26.2.

C. These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

## DEFINITIONS

In addition to the definitions contained in Rule 26.3 of the Local Civil Rules, the following definitions and instructions shall apply to each of the Interrogatories:

A. "Business relationship" means any joint venture, partnership, employment relationship, either as an employer or an employee, and any other type of similar relationship, including relationships with any brokers, clearing houses, and any other trading or execution related service providers.

B. "Communication" means shall include without limitation emails, letter correspondence, instant messages, etc.

C. "Educational institution" means any school, college, university, or other place of learning.

D. "Lawsuit" means include civil complaints, arbitration, mediations, as well as complaints filed by and investigations commenced by the SEC, FINRA, the NYSE, NASD, and any other regulatory or self-regulatory authority.

## INTERROGATORIES

1. Identify all persons having knowledge concerning the matters set forth below, and describe the substance of the knowledge possessed by such persons:

    (a) the matters set forth in the Amended Complaint;

    (b) the averments in Zanger's Answer;

    (c) the topics addressed in Zanger's First Request for Production of Documents;

    (d) the topics addressed in IAM's First Request for Production of Documents.

2. Identify all documents or physical evidence relating to the subject matter of the Amended Complaint as well as the claims included in Zanger's Answer.

3. Identify all educational institutions that Zanger has ever attended, including dates of attendance, and certifications received in connection with such attendance, including but not limited to any diplomas, degrees, or other related documents.

4. Identify all seminars discussing securities trading that Zanger has ever attended, or that Zanger has ever given, including the dates of and information discussed during such seminars.

5. Identify every business relationship that Zanger has ever entered into, or has negotiated to enter into, the dates of such relationships or negotiations, the individuals with whom Zanger had a business relationship, the subject matter of each such relationship, and the reason for the termination of this relationship.

6. Identify all persons with whom Zanger interacted, transacted business, worked for, supervised, invested with, etc., including the dates of such interactions and the subject matter of such interactions.

7. In connection with any business relationship or association with any educational institution, identify any complaints, disciplinary investigations or disciplinary actions, probationary periods, suspensions, disputes, or any source of conflict or controversy concerning Zanger.

8. Identify all individuals with whom Zanger has interacted in connection with brokers, dealers, clearing houses, and other trading platforms.

9. Identify all prior lawsuits in which Zanger has been involved in any capacity or extent.

Dated: New York, New York
      January 13, 2008

Respectfully submitted,

By: /s/ Craig Stuart Lanza
Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE PLLC**
225 Broadway
Suite 2700
New York, NY 10007
Telephone 212-374-5404
Email:clanza@balestriere.net
*Attorneys for Plaintiffs*