UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INDEPENDENT ASSET MANAGEMENT LLC and OLA HOLMSTROM,** <br><br>        **Plaintiffs,** <br><br>  - against - <br><br> **DANIEL ZANGER,** <br><br>        **Defendant.** | 1:07-CV-06431-JSR <br><br> ECF |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.2 and 26.3 of this Court, Plaintiff Independent Asset Management LLC ("IAM") hereby requests that Defendant Daniel Zanger ("Zanger") produce for IAM's inspection and copying the documents described below within thirty days after service hereof.

These document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendant obtains or becomes aware of additional information pertaining to any of these document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant shall, within thirty days, and in no event later than five days before trial, serve upon the undersigned such additional information and documents.

## INSTRUCTIONS

A.     Whenever a request calls for information which is not available to you in the form requested, but is available in another form or can be obtained, at least in part, from other data in your possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

B.     Zanger shall produce all documents in his possession, custody or control, including documents in the possession of those purporting to act or to have acted on behalf of Zanger or those who may have obtained information for or on behalf of Zanger in regard to the subject matter of this case.

C.     Each and every document request shall be construed independently. No request shall be construed by reference to any other request if the result is a limitation of the scope of the response to such a request.

D.     If Zanger objects to any request, or part thereof, Zanger must state with specificity all grounds for objecting and respond to the request to the extent that Zanger does not object.

E.     Each document request shall be set forth separately and shall be accorded a separate response. Each response shall first set forth verbatim the document request to which it is responsive, followed by Zanger's response.

F.     No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

G. If Zanger is unable to answer any document request, the reasons for IAM's inability to answer shall be separately stated in detail for each document request.

H. This Request is continuing in nature. Zanger must supplement its responses to this Request as and when additional responsive documents become known or available to Zanger prior to trial.

## DEFINITIONS

In addition to the definitions contained in Rule 26.3 of the Local Civil Rules, the following definitions and instructions shall apply to each of the Interrogatories:

A. "BFS" means Butterfield Fund Services, IFL's fund administrator.

B. "Business relationship" means any joint venture, partnership, employment relationship, either as an employer or an employee, and any other type of similar relationship, including relationships with any brokers, clearing houses, and any other trading or execution related service providers.

C. "Communication" means shall include without limitation emails, letter correspondence, instant messages, etc.

D. "Educational institution" means any school, college, university, or other place of learning.

E. "IFL" means The Independent Fund Ltd., the fund managed by Zanger.

F. "Lawsuit" means include civil complaints, arbitration, mediations, as well as complaints filed by and investigations commenced by the SEC, FINRA, the NYSE, NASD, and any other regulatory or self-regulatory authority.

3

## **REQUESTS FOR DOCUMENT PRODUCTION**

1. Any and all communications between Zanger and IAM.

2. Any and all documents memorializing communications between Zanger and IAM.

3. Any and all communications between Zanger and BFS.

4. Any and all documents memorializing communications between Zanger and BFS.

5. Any and all communications between Zanger and the Prime Broker.

6. Any and all documents memorializing communications between Zanger and the Prime Broker.

7. Any and all communications between Zanger and Ola Holmstrom.

8. Any and all documents memorializing communications between Zanger and Ola Holmstrom.

9. Any and all communications between Zanger and Jeff Robertson.

10. Any and all documents memorializing communications between Zanger and Jeff Robertson.

11. Any and all communications involving Zanger with respect to the subject matter of this litigation, IAM, BFS, Prime Broker, and/or Holmstrom.

12. Any and all documents memorializing communications involving Zanger with respect to the subject matter of this litigation, IAM, BFS, the Prime Broker, and/or Holmstrom.

13. All documents concerning the payment or other transfer of money or other assets between and involving Zanger, IAM, and IFL.

14. All documents concerning Zanger's qualifications as presented to IAM prior to and during Zanger's relationship with IAM.

15. All documents regarding margin calls, day trading calls, and Zanger's covering of margin calls.

16. All documents relating to the Zanger's attendance at, graduation from, and disciplinary actions at any educational institution, and any other documents relating to Zanger's education.

17. All documents relating to any and all of Zanger's business relationships.

18. All documentation relating to all of Zanger's sources of employment.

19. All documents relating to any disciplinary action, investigation, legal matter, lawsuit, mediation, arbitration, or any potential legal controversy that Zanger has been involved in, as a plaintiff, defendant, respondent, or any other party.

20. All documents relating to Zanger's securities experience, dating back to at least 1989, when, upon information and belief, Zanger began trading securities.

21. All documents relating to accounting records produced by Zanger, or on Zanger's behalf.

22. All documents relating to filings with the Internal Revenue Service.

23. All documents relating to filings with any regulatory or self-regulatory body, including, but not limited to, the U.S. Securities and Exchange Commission, FINRA, NASD, and the New York Stock Exchange.

24. All documents representing published works of Zanger.

25. All documents concerning or indicating Zanger's knowledge of Victory Lane.

26. All documents allegedly supporting or relied upon by Zanger in connection with the allegations set forth in Zanger's Answer.

27. All documents allegedly supporting or reflecting the calculation of alleged damages set forth in the Zanger's counterclaims.

Dated:  New York, New York  
        January 13, 2008

Respectfully submitted,

By: /s/ Craig Stuart Lanza  
Craig Stuart Lanza (CL-2452)  
John Balestriere (JB- 3247)  
**BALESTRIERE PLLC**  
225 Broadway, Suite 2700  
New York, NY 10007  
Telephone 212-374-5404  
Email:clanza@balestriere.net  
*Attorneys for Plaintiffs*