UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **INDEPENDENT ASSET MANAGEMENT LLC,**<br><br>       Plaintiff,<br><br>- against -<br><br>**DANIEL ZANGER,**<br>       Defendant. | 1:07-CV-06431-JSR<br><br>ECF<br><br>**ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff Independent Asset Management LLC ("IAM"), by its attorneys, Balestriere PLLC, for its Answer to Defendant Daniel Zanger's ("Zanger") Counterclaims, in response to the corresponding numbered paragraphs of Zanger's Counterclaims, respectfully alleges as follows:

## ZANGER'S COUNTERCLAIMS

1. IAM states that it is without knowledge or information to form a belief as to the truth of the allegations of this paragraph in Zanger's Counterclaims and, on that basis, denies, generally and specifically, each and every allegation of this paragraph except that IAM admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1332(a)(1) and (2) and personal jurisdiction over the parties and also that venue is proper under 28 U.S.C. § 1391(a)(2).

1

2.    IAM states that it is without knowledge or information to form a belief as to the truth of the allegations of this paragraph in Zanger's Counterclaims and, on that basis, denies, generally and specifically, each and every allegation set forth in this paragraph.

3.    IAM admits that on October 19, 2004, it entered into an Agreement with Zanger ("Agreement"), which IAM attached as Exhibit 1 to the Amended Complaint.

4.    IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

5.    IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims, except that IAM admits the following: that, under the Agreement, as compensation for its marketing and management efforts, IAM was entitled to fifty percent (50%) of the Management Fees from the Independent Fund Ltd. ("IFL"), that Zanger was entitled to the remaining fifty percent (50%) of the Management Fees, that IAM was entitled to twenty-five percent (25%) of the Performance Fees from IFL, that Zanger was entitled to the remaining seventy-five percent (75%) of the Performance Fees, and that payments shall be paid to IAM and Zanger within twenty business days of lAM's receipt of such fees from IFL.

6.    IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims, except that IAM admits that Zanger was required to pay $100,000 under the Agreement and an additional $50,000 advance under an addendum to the Agreement.

7. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

8. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims, except that IAM admits that, under the Agreement, "IAM and [Zanger] agree[d] to conform with all reasonable requests of the other with respect to this Agreement and operations related thereto, including requests to see financial and performance records, and to sign and promptly deliver all documents reasonably intended to effectuate the terms set forth herein and as may be required," and IAM further admits that "[n]on-compliance with any reasonable request shall be considered a breach of this Agreement."

## ZANGER'S FIRST COUNTERCLAIM

## BREACH OF CONTRACT

9. IAM repeats and realleges his responses to Paragraphs 1 through 8 of Zanger's Counterclaims as if fully set forth herein.

10. IAM admits that valid contracts ("Agreement" and "Addendum Agreement") existed between IAM and Zanger.

11. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

12. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

13. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

14. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

## ZANGER'S SECOND COUNTERCLAIM

## BREACH OF FIDUCIARY DUTY

15. IAM repeats and realleges his responses to Paragraphs 1 through 14 of Zanger's Counterclaims as if fully set forth herein.

16. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims, except that IAM admits that Zanger owed IAM and IFL fiduciary duties of care, loyalty, and good faith.

17. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

18. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

## ZANGER'S THIRD COUNTERCLAIM

## ACCOUNTING

19. IAM repeats and realleges his responses to Paragraphs 1 through 18 of Zanger's Counterclaims as if fully set forth herein.

20. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims, except that IAM admits that Zanger was a fiduciary of IAM and of IFL.

21. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

22. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

23. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

24. IAM denies the allegations set forth in this paragraph of Zanger's Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

Zanger's Counterclaims all fail to set forth facts sufficient to state a claim upon which relief may be granted against IAM and fail to state facts sufficient to entitle Zanger to the relief sought, or to any other relief from IAM.

### SECOND DEFENSE

### (ESTOPPEL)

Any damages which Zanger may have suffered, which IAM denies, were the direct and proximate result of Zanger's conduct. Accordingly, Zanger is estopped and barred from recovery of any damages from IAM.

### THIRD DEFENSE

### (BREACH OF CONTRACT)

Zanger breached the Agreement with IAM and, thus, may not seek recovery for any alleged injury arising out of the Agreement.

## FOURTH DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

IAM reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: New York, New York  
January 17, 2008

Respectfully submitted,

By: /s/ Craig Stuart Lanza  
Craig Stuart Lanza (CL-2452)  
John Balestriere (JB- 3247)  
William S. Holleman[*]  
**BALESTRIERE PLLC**  
225 Broadway, Suite 2700  
New York, NY 10007  
Telephone: 212-374-5404  
Email:clanza@balestriere.net  
*Attorneys for Plaintiffs*

---

[*] Admission pending to the New York State Bar.