# Exhibit G



225 BROADWAY SUITE 2700
NEW YORK, NY 10007
PHONE:  +1.212.374.5400
FAX:    +1.212.208.2613
INFO@BALESTRIERE.NET
WWW.BALESTRIERE.NET

April 25, 2008

VIA ELECTRONIC MAIL AND FIRST CLASS MAIL

Michael D. Silberfarb
Jones Day
222 East 41st Street
New York, NY 10017

    Re:    Rule 11 motion in *Independent Asset Management, LLC v. Zanger*, No. 07-cv-6431 (JSR)

Dear Mike:

In a letter dated April 22, 2008, you stated that you would withdraw your Rule 11 motion if we agreed to withdraw certain allegations and stipulate that Mr. Zanger's mere inducement of a margin call did not violate any GSEC rule or regulation.

After careful consideration, we have decided that we are willing to stipulate to the following: (1) a covered margin call, by itself, does not violate Regulation T or of NYSE Rule 431, and (2) Mr. Zanger's 115 margin calls did not violate either Regulation T or NYSE Rule 431.

Given the clear language of GSEC's Prime Broker Agreement, however, we are unable to withdraw allegations that Mr. Zanger, through his margin calls, violated GSEC's rules or regulations. The Complaint essentially alleges that Mr. Zanger violated the Prime Broker Agreement because he failed to comply with GSEC's provision requiring continual maintenance of adequate margin levels. (Compl. ¶ 32.) We believe that the Prime Broker Agreement is clear on its face: it is sufficient to infer from a provision requiring continual compliance that any margin call—stemming from a failure to maintain adequate margin—violates of the Prime Broker Agreement. Accordingly, as pertaining to your Rule 11 motion, it is not at all frivolous to argue that a provision requiring continual compliance is violated by even a moment of non-compliance, and the facts plainly support that Mr. Zanger did this.



Michael D. Silberfarb
April 25, 2008
Page 2 of 2

Beyond inducing these margin calls, Mr. Zanger was often late in covering his margin calls, which violated GSEC's requirement that Mr. Zanger cover margin deficiencies immediately. Although it is unknown precisely how many margin calls were covered in an untimely manner, Mr. Zanger was unquestionably late in covering at least two margin calls, one in January 2006 and another in April 2006. As such, there remains adequate support for alleging that Mr. Zanger violated GSEC's Prime Broker Agreement and, derivatively, the Agreement with IAM.

Of course, you are free to disagree with our factual assertions and legal claims against Mr. Zanger. However, even if you do not acquiesce to our position, we advise that Rule 11 is an inappropriate vehicle for addressing this issue. Rule 11, as stated in our letter dated April 18, 2008, is reserved for instances in which papers are being submitted for an improper purpose, legal claims are wholly unwarranted, and there exists no actual or likely evidentiary support for any factual claims. To be clear, Rule 11 is not an instrument to be used merely because the parties dispute certain facts and have different opinions as to the law. As established above, our allegations are neither frivolous nor unsubstantiated. We, therefore, reiterate that Rule 11 is an inappropriate and imprudent means of addressing the allegations against Mr. Zanger and serves no purpose other than to antagonize and to delay the outcome in this matter.

We expect to resolve this issue amicably and without having to resort to motion practice. If you have any further questions or concerns, please do not hesitate to contact me at your earliest convenience.

Thank you for your time and attention to this matter.

Very truly yours,

Craig Stuart Lanza