UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT LLC and OLA HOLMSTROM,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DANIEL ZANGER,<br><br>　　　　　Defendant. | Case No. 1:07-cv-06431-JSR<br><br>ECF |

-------------------------------------------------------------- x

**LOCAL CIVIL RULE 56.1 STATEMENT IN RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Civil Rule 56.1(b), defendant Daniel Zanger ("Zanger"), by and through his attorneys, submits the following statement in response to Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1. All documents cited below are attached to either the Declaration of Daniel Zanger (the "Zanger Decl."), dated April 28, 2008 or the Declaration of Michael D. Silberfarb (the "Silberfarb Declaration"), dated April 28, 2008, filed concurrently herewith.

　　**I.　Zanger's Response to Plaintiff's
　　　　April 14, 2008 Statement of Undisputed Material Facts**

Pursuant to Local Civil Rule 56.1 (b), Zanger responds to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1, dated April 14, 2008:

　　　　1.　Zanger admits the allegation in paragraph 1 of IAM's Statement.

　　　　2.　Zanger admits the allegation in paragraph 2 of IAM's Statement.

3. Zanger admits the allegation in paragraph 3 of IAM's Statement.

4. Zanger admits the allegation in paragraph 4 of IAM's Statement.

5. Zanger admits the allegation in paragraph 5 of IAM's Statement.

6. Zanger admits the allegation in paragraph 6 of IAM's Statement.

7. Zanger admits the allegation in paragraph 7 of IAM's Statement.

8. Zanger admits the allegation in paragraph 8 of IAM's Statement.

9. Zanger denies the allegations in paragraph 9 of IAM's Statement. Zanger's trading fully complied with the rules and regulations of GSEC from 2005-October 2006 during which time he met over 100 margin calls in compliance with GSEC rules and regulations. (Zanger Decl. ¶¶ 14, 26.)

10. Zanger admits the allegation in paragraph 10 of IAM's Statement.

11. Zanger denies the allegation in paragraph 11 of IAM's Statement to the extent it is vague and ambiguous. Zanger admits that he did not recognize the Prime Broker Agreement on March 21, 2008.

12. Zanger admits the allegation in paragraph 12 of IAM's statement.

13. Zanger denies the allegation in paragraph 13 of IAM's statement. At his deposition, Zanger only admitted that "if there is a sufficient degree of liquidity in the account, there would be no need to liquidate positions in order to satisfy a margin call." (Zanger Deposition, 52:14-52:19.) He never indicated, as Plaintiff alleges here, that "[a] margin call can be prevented by maintaining sufficient liquidity."

14. Zanger admits the allegation in paragraph 14 of IAM's Statement.

15. Zanger denies the allegation in paragraph 15 of IAM's Statement. Plaintiff has provided no evidence that Zanger created 20% drawdowns. The documents cited in

Plaintiff's Local Rule 56.1 Statement do not indicate that Zanger failed to keep drawdowns below 20%.

16. Zanger admits that his trading resulted in a day trading call on November 10, 2006. Zanger denies that the day trading call was "large" because that term is ambiguous.

17. Zanger admits the allegation in paragraph 17 of IAM's Statement.

18. Zanger denies the allegation in paragraph 18 of IAM's Statement. Zanger did no meet the margin call with his own funds solely because he was not required to do so under the Agreement. (Zanger Decl., Exh. 1.)

19. Zanger admits the allegation in paragraph 19 of IAM's Statement.

20. Zanger admits the allegation in paragraph 20 of IAM's Statement.

21. Zanger admits that he created a day trading call on November 30, 2006. Zanger denies that this day trading call was "large" because the term "large" is ambiguous.

22. Zanger admits the allegation in paragraph 19 of IAM's Statement.

23. Zanger denies the allegation in paragraph 23 of IAM's Statement. The evidence cited by plaintiff in its rule 56.1 Statement does not indicate that Zanger "assumed full responsibility for the trading" as set forth by Plaintiff. The evidence only shows that Zanger "traded for Independent Funds Limited." (Zanger Deposition, at 15:21-15:23).

24. Zanger admits that he covered a $1.45 million day trading call with his own funds in October 2006.

25. Zanger denies the allegations in paragraph 25 of IAM's statement. The record establishes that the withdrawal was fully authorized. The day after the call had been met Zanger requested that the Butterfield Financial Services ("BFS"), the fund's administrator wire the funds back to him because the call had been met and IAM was no longer at risk of a

violation. (Zanger Decl. at ¶ 23.) Prior to wiring the money back to Zanger, BFS notified IAM of the requested withdrawal. (<u>Id.</u>) Szele and Porco consented to the wire. (<u>Id.</u>; Silberfarb Decl., Exh. K.)

26. Zanger denies the allegations contained paragraph 26 of IAM's statement because the term "immediately is ambiguous." Zanger met each of the 115 margin calls (aside from 2 day trading calls) on or before the due dates prescribed by GSEC. (Silberfarb Decl., Exh. B, at 271:16-273:8.)

27. Zanger denies the allegations contained in paragraph 27 of IAM's statement. In December 2006, the trading on behalf of Class Z shares effectively shut down because Zanger exercised his right to redeem his shares. (Silberfarb Decl., Exh. A at 181:22-182:9) (George Szele admitted that, "[Zanger] wanted his money back. He is the investor. The account was shut down by his actions.").

28. Zanger admits the allegations in paragraph 28 of IAM's Statement.

Dated: April 28, 2008                                    Respectfully submitted,


                                                   *s/* Matthew E. Szwajkowski
Thomas H. Sear (TS-5570)
Michael D. Silberfarb (MS-9678)
Matthew E. Szwajkowski (MS-8362)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
msilberfarb@jonesday.com

*Attorneys for Defendant Daniel Zanger*

- 5 -