UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br> - against -<br><br>DANIEL ZANGER,<br><br>        Defendant. | 1:07-CV-06431-JSR<br><br>ECF<br><br>PLAINTIFF'S RESPONSE TO ZANGER'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1 |

   Pursuant to Local Civil Rule 56.1(b), Plaintiff Independent Asset Management, LLC ("IAM"), by and through its attorneys, submits the following statement in response to Zanger's Statement of Material Facts Pursuant to Local Civil Rule 56.1. All documents cited below are attached to either the Declaration of Daniel Zanger (the "Zanger Decl."), dated April 28, 2008 or the Declaration of Michael D. Silberfarb (the "Silberfarb Declaration"), dated April 28, 2008, filed concurrently herewith.

   Pursuant to Local Civil Rule 56.1 (b), Plaintiff responds to Zanger's Statement of Material Facts Pursuant to Local Rule 56.1, dated April 28, 2008 as follows:

   1.  Plaintiff admits the allegations in paragraph 1 of Zanger's statement.

   2.  Plaintiff denies the allegations in paragraph 2 of Zanger's statement. Plaintiff admits that IAM did have financial difficulty in the year prior to signing the Agreement.

3. Plaintiff denies the allegations in paragraph 3 of Zanger's statement. Plaintiff admits that Zanger, eventually, did deposit a total of $5 Million dollars into IAM.

4. Plaintiff admits the allegations in paragraph 4 of Zanger's statement.

5. Plaintiff admits the allegations in paragraph 5 of Zanger's statement.

6. Plaintiff admits the allegations in paragraph 6 of Zanger's statement.

7. Plaintiff denies the allegations in paragraph 7 of Zanger's statement. Plaintiff admits that Defendant did provide an additional $50,000.00.

8. Plaintiff denies the allegations in paragraph 8 of Zanger's statement. Plaintiff admits that Zanger did withdraw $1.45 Million dollars from IAM.

9. Plaintiff denies the allegations in paragraph 9 of Zanger's statement. While Szele had the ability to monitor Zanger's trading activities, he was not required to do so under the Agreement and was lead by Zanger to believe that he did not need to do so.

10. Plaintiff denies the allegations in paragraph 10 of Zanger's statement to the extent that it represented that it *would* attract investors to the fund. IAM only represented that it could do so, not that it would.

11. Plaintiff admits the allegations in paragraph 11 of Zanger's statement, but does not consider the distinction between "inside" and "outside" investors to be material, and considers the characterization of Holmstrom to be an "owner" of IAM to be misleading.

12. Plaintiff admits the allegations in paragraph 12 of Zanger's statement.

13. Plaintiff admits the allegations in paragraph 13 of Zanger's statement.

14. Plaintiff admits the allegations in paragraph 14 of Zanger's statement.

15. Plaintiff admits the allegations in paragraph 15 of Zanger's statement.

16. Plaintiff denies the allegations in paragraph 16 of Zanger's statement to the extent that Defendant's statements allege that Plaintiff did not object to Zanger's consistent violations of the Agreement.

17. Plaintiff denies the allegations in paragraph 17 of Zanger's statement. Plaintiff admits that Plaintiff never sent Zanger a formal letter indicating that Zanger violated the Agreement.

18. Plaintiff denies the allegations in paragraph 18 of Zanger's statement.

19. Plaintiff denies the allegations in paragraph 19 of Zanger's statement. Plaintiff admits that at the time the trading of Class Z shares were shut down.

20. Plaintiff admits the allegations in paragraph 20 of Zanger's statement.

21. Plaintiff denies the allegations in paragraph 21 of Zanger's statement. Plaintiff admits that Zanger eventually met ever of the 115 margin calls.

22. Plaintiff denies the allegations in paragraph 22 of Zanger's statement.

23. Plaintiff admits the allegations in paragraph 23 of Zanger's statement.

24. Plaintiff denies the allegations in paragraph 24 of Zanger's statement. Defendant admits that Zanger did not deposit $50 Million dollars into IAM.

Dated: New York, New York          Respectfully submitted,
       May 9, 2008

                                   /s Craig Stuart Lanza
                                   Craig Stuart Lanza (CL-2452)
                                   John Balestriere (JB- 3247)

**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*