```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
INDEPENDENT ASSET MANAGEMENT LLC,      :
                                       :
              Plaintiff,               :   07 Civ. 6431 (JSR)
                                       :
              -v-                      :   MEMORANDUM ORDER
                                       :
DANIEL ZANGER,                         :
                                       :
              Defendant.               :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Independent Asset Management LLC ("IAM") and defendant Daniel Zanger each move for partial summary judgment. For the reasons set forth below, the Court grants both motions in part and denies both motions in part.

The following facts are undisputed. IAM and Daniel Zanger entered into an agreement in October 2004 that provided that Zanger was to make securities trades on behalf of a Bermuda-based hedge fund called the Independent Fund Limited ("IFL"). Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Pl. 56.1") ¶¶ 1-2; Local Civil Rule 56.1 Statement in Response to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 ("Def. 56.1") ¶¶ 1-2. IAM was the trading manager of IFL. Pl. 56.1 ¶ 1; Def. 56.1 ¶ 1. IFL's prime broker was Goldman Sachs Execution & Clearing ("GSEC"). Pl. 56.1 ¶ 4; Def. 56.1 ¶ 4.

During his time trading for IFL, Zanger induced 115 margin calls, which he covered. Pl. 56.1 ¶¶ 12, 14; Def. 56.1 ¶¶ 12, 14. On November 10, 2006, Zanger traded in such a way that he exceeded the day trading buying power in the IFL account, creating a day trading call that he refused to cover. Pl. 56.1 ¶¶ 16-17; Def. 56.1

¶¶ 16-17. The refusal to cover the November 10 call resulted in IFL having its day trading buying power reduced to 2:1 for five business days. Pl. 56.1 ¶ 19; Def. 56.1 ¶ 19. When the call had not been covered by November 17, the account was restricted to trading on a cash available basis. Pl. 56.1 ¶ 20; Def. 56.1 ¶ 20. On November 30, Zanger again traded in such a way that he caused a day trading call and again refused to cover it. Pl. 56.1 ¶¶ 21-22; Def. 56.1 ¶¶ 21-22. Subsequently, IFL shut down. Pl. 56.1 ¶ 27; Def. 56.1 ¶ 27.

The instant action was originally brought by both IAM and an individual investor in IFL. See Complaint. Subsequently, the claims of the individual investor were dismissed. See Memorandum, 3/11/08; Order, 12/4/07. IAM's remaining claims, based on the above undisputed facts and other allegations, are for breach of contract and breach of fiduciary duty.

IAM's partial motion seeks summary judgment in its favor on every element of both its claims except for the issue of damages. The elements of a claim for breach of contract, excluding damages, are 1) a contract between the parties, 2) performance of the contract by one party, and 3) breach by the other. See Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000). As to the first element, it is undisputed that the agreement IAM and Zanger entered into in October 2004, see Declaration of Craig Stuart Lanza in Support of Plaintiff's Motion for Summary Judgment, Exh. D ("Agreement"), is a contract, and accordingly summary judgment is granted establishing that element of IAM's breach of contract claim.

As to the other two elements, however, IAM has failed to show that it is entitled to summary judgment. As to IAM's performance of

the contract, the Agreement required that Zanger be paid portions of certain fees received by IAM (specifically, fifty percent of any management fees and seventy-five percent of any performance fees). See Agreement ¶ 2(i).  Zanger has adduced evidence, in the form of the deposition testimony of George Szele, a principal of IAM, that IAM did not pay Zanger the fees to which he was entitled during 2006. See Declaration of Michael D. Silberfarb in Support of Defendant's Opposition to Plaintiff's Motion, Exh. A at 170-71.  Although IAM asserts that this non-payment was agreed to by Zanger, this is disputed by Zanger, and accordingly, summary judgment is not appropriate on the second element of the breach of contract claim.

There also remain material issues of fact as to whether Zanger breached the Agreement (the third element).  The Agreement at issue here provides that neither party will be liable for breach of the Agreement "except to the extent that [the party's] conduct constitutes wilful malfeasance, fraud, theft, or gross negligence." Agreement ¶ 9.  IAM's primary contention regarding Zanger's alleged breach of the contract is that Zanger's failure to cover the two November day trading calls violated the portion of the Agreement that required both Zanger and IAM to "comply with all rules and regulations of any exchanges on which they trade." Agreement ¶ 13. As the Court has already held, an uncovered margin call violates New York Stock Exchange Rule 431.  See Memorandum, 3/11/08.  However, material issues of fact remain as to whether the failure to cover these calls was the result of Zanger's "wilful malfeasance" or "gross negligence."  There are similar material issues of fact concerning whether Zanger was wilfully malfeasant or grossly negligent in engaging in the other, disputed conduct that IAM contends breached

3

the contract.[1]  Accordingly, IAM is not entitled to summary judgment on the issue of Zanger's breach.

As to the breach of fiduciary duty claim, the elements of such a claim are "(1) that a fiduciary duty existed between plaintiff and defendant; and (2) that defendant breached that duty." Regions Bank v. Wieder & Mastroianni, P.C., 423 F. Supp. 2d 265, 270 (S.D.N.Y. 2006).  As a matter of New York law, joint venturers owe each other a fiduciary duty.  See Smart Egg Pictures, S.A. v. New Line Cinema Corp., 624 N.Y.S.2d 150, 151 (App. Div. 1995).  When determining whether a joint venture exists, the "indicia ... are: [1] acts manifesting the intent of the parties to be associated as joint venturers, [2] mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, [3] a measure of joint proprietorship and control over the enterprise, and [4] a provision for the sharing of profits and losses." Richbell Info. Servs., Inc. v. Jupiter Partners, L.P., 765 N.Y.S.2d 575, 584 (App. Div. 2003).

IAM alleges that the parties were engaged in a joint venture and that Zanger breached his resulting fiduciary duty to IAM.  The Agreement, however, does not expressly establish a joint venture

---

[1] The Court notes, however, that IAM's contention that Zanger breached the Agreement because he allowed the account to become illiquid is untenable in light of the unambiguous language of the contract.  The Agreement provides that "Liquidity is important under any market condition - if illiquidity exists, IAM shall be promptly notified by DZ [i.e., Zanger]." Agreement ¶ 1(b). Thus, the Agreement does not preclude the possibility of the account becoming illiquid, but simply requires notification in the event of illiquidity.

4

between IAM and Zanger and no other evidence was presented that clearly establishes that the parties intended to enter into a joint venture.  Accordingly, there are material issues of fact as to whether a joint venture existed between IAM and Zanger and summary judgment is therefore inappropriate on IAM's breach of fiduciary duty claim.

Zanger cross moves for summary judgment on five separate issues.  First, Zanger requests summary judgment in his favor rejecting IAM's contention that Zanger's inducement of margin calls, without more, violated the Prime Broker's rules or regulations.  That issue is relevant here because the Agreement provides that Zanger "shall remain in full compliance at all times with Prime Broker limits, rules or guidelines."  Agreement ¶ 1(e).

The Prime Broker agreement provides that "Customer agrees at all times to maintain adequate margins in the account so as continually to meet the original and maintenance margin requirements established by GSEC in its sole discretion from time to time."  Lanza Declaration, Exh. E at 7.  IAM contends that this language in the Prime Broker agreement itself establishes "maintenance margin requirements" which Zanger violated, but it does not.  Moreover, IAM has not adduced any evidence that GSEC in fact established margin requirements, let alone that Zanger violated them.  Accordingly, Zanger is entitled to summary judgment on the fact that his inducement of margin calls did not per se violate GSEC's rules and regulations.

5

Zanger next seeks partial summary judgment rejecting IAM's contention that he was required to invest a full $50 million in IFL. The Agreement provides that Zanger would invest "<u>at least</u> USD 5 million and <u>up to</u> 50 million" in IFL. Agreement ¶ 1 (emphasis supplied). The language of the contract is therefore unambiguous in requiring only that Zanger invest between $5 and $50 million. Accordingly, Zanger is entitled to summary judgment that he was not required to invest $50 million in IFL.

Zanger's third request for summary judgment concerns the period of time during which he was required to maintain his investment in IFL. The Agreement contains two provisions relevant to this issue. First, the Agreement provides that "IAM acknowledges that DZ has control of - redeeming from or remaining in IFL - the assets it has placed or raised into Class Z, under the terms and guidelines of this Agreement." Agreement ¶ 4. Second, the agreement provides that "If any amounts are redeemed within one year, 2% of such amounts shall be forfeited to IAM." <u>Id.</u> ¶ 1(c).

IAM argues that an interpretation of these provisions that allowed Zanger to redeem his investment at any time after he made it does not make economic sense in the context of a hedge fund, and also that such an interpretation would render Zanger's obligations under the contract illusory. However, the language of the contract is unambiguous in allowing Zanger to redeem his shares at any time (the only qualification being the two percent penalty provision), and the Court cannot modify the clear intent of the parties simply because IAM no longer feels that this term make sense. Further, the two

6

percent penalty provision, among other provisions in the Agreement, shows that Zanger's obligations under the contract were not illusory. Thus, Zanger is entitled to summary judgment that the contract permitted him to redeem his investment at any time.

The fourth issue on which Zanger seeks partial summary judgment is whether 20% drawdowns violated the agreement. In this regard, the Agreement provides that "If DZ is not able to keep drawdowns below 20%, this Agreement _may_ be terminated by IAM." Agreement ¶ 1(g) (emphasis supplied). Again, this language is unambiguous -- drawdowns of 20% or more, while providing a basis for termination, do not by themselves constitute a breach of the contract. Accordingly, Zanger is entitled to summary judgment on this issue as well.

Finally, in relation to his counterclaim for breach of contract, Zanger requests partial summary judgment that IAM did in fact breach the Agreement by failing to pay Zanger the fees to which he was entitled. See Agreement ¶ 2(i). As discussed previously in relation to IAM's motion, Zanger has pointed to evidence that IAM did not pay Zanger the fees he was entitled to during 2006. However, because there is also evidentiary support for IAM's position that Zanger agreed to defer these fees, there is a material issue of fact and thus summary judgment is inappropriate on this issue.

Accordingly, for the reasons set forth above, IAM's motion for partial summary judgment is granted to the extent of deciding that there was a contract between IAM and Zanger, and is denied in all other respects; and Zanger's motion for partial summary judgment

Zanger agreed to defer these fees, there is a material issue of fact and thus summary judgment is inappropriate on this issue.

Accordingly, for the reasons set forth above, IAM's motion for partial summary judgment is granted to the extent of deciding that there was a contract between IAM and Zanger, and is denied in all other respects; and Zanger's motion for partial summary judgment is denied as to any determination that IAM breached the contract but is granted in all other respects. Counsel for both parties are directed to jointly call Chambers on June 16, 2008 at 1:00 p.m. to set a trial date.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 13, 2008

8