**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

INDEPENDENT ASSET MANAGEMENT LLC )    Case No. 1:07-cv-06431-JSR
and OLA HOLMSTROM,                                     )
                                                                        )
                        Plaintiffs,                            )
                                                                        )    ECF
vs.                                                               )
                                                                        )
DANIEL ZANGER,                                          )
                                                                        )
                        Defendant.                         )
                                                                        )
                                                                        )
                                                                        )
                                                                        )

-------------------------------------------------------------- X

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO DEFENDANT'S FORWARDING OF PERSONAL EMAILS

Defendant Daniel Zanger ("Defendant") hereby moves *in limine* to exclude at trial

evidence related to the Defendant's forwarding of non-work related emails to Joseph Porco and

George Szele who were Directors at Plaintiff Independent Asset Management ("IAM") that

counsel for plaintiff has characterized as "obscene."

### I. Relevant Facts

During his business relationship with IAM, Defendant forwarded several off color jokes

via email to George Szele and Joseph Porco, both of whom were and are directors at IAM.

These emails were personal in nature, and were not related to Defendant's business relationship

with IAM in any way.  Defendant has filed this motion because Counsel for Plaintiff asked

Defendant at his deposition: Did you ever send out any non-work related obscene e-mails."

(Deposition Tr. of Daniel Zanger, March 21, 2008, at 65:13-66:17). A copy of the relevant portions of the deposition transcript is attached hereto as Exhibit A.

## II. Argument

Evidence related to Defendant's forwarding of off-color emails is inadmissible at trial because it is irrelevant and prejudicial. Pursuant to Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." "Relevant Evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401 (internal quotations omitted). Evidence of Defendant's forwarding of personal emails does not make it more or less probable that *Defendant* breached his Agreement with, or a fiduciary duty to, Plaintiff, IAM. Therefore, such evidence is inadmissible at trial. See Id.

Furthermore, even if evidence of Zanger's forwarding of off-color emails was relevant to the present matter (which it is not), it would still be inadmissible because its probative value is substantially outweighed by its prejudicial effect. Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Advisory Committee Note to Rule 403 explains that unfair prejudice as used in Rule 403 is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee notes. District Courts have significant discretion when applying Rule 403. E.g., United States v. Aalameh, 152 F.3d 88, 110

2

(2d Cir. 1998) ("A district court is obviously in the best position to do the balancing mandated by Rule 403. We will second-guess a district court only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.")

Here, reference to Defendant's forwarding of personal and off color emails has no probative value, but such evidence could cause significant prejudice to the Defendant by causing members of the jury to base its decision on Defendant's sending non-work related emails to principals of plaintiff that their counsel has characterized as "obscene" rather than based upon relevant evidence. Therefore, introduction of such evidence must be precluded under Rule 403. Zubulake v. UBS Warburg, LLC, 282 F.Supp 2d 536, 548 (S.D.N.Y. March 16, 2005) (Evidence excluded under Rule 403 where negative "unfair prejudice" created by the "emotions" associated with that evidence substantially outweigh the limited probative value of that evidence").

## III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court grant this motion and any other relief it finds appropriate.

Dated: July 21, 2008                    Respectfully submitted,

                                        *s/* Michael D. Silberfarb
                                        Thomas H. Sear (TS-5570)
                                        Michael D. Silberfarb (MS-9678)
                                        Matthew E. Szwajkowski (MS-8362)
                                        JONES DAY
                                        222 East 41st Street
                                        New York, NY 10017-6702
                                        Telephone: (212) 326-3939
                                        Facsimile: (212) 755-7306
                                        msilberfarb@jonesday.com

                                        *Attorneys for Defendant Daniel Zanger*

3

## **CERTIFICATE OF SERVICE**

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 21, 2008, he caused a true and correct copy of the attached Memorandum of Law in Support of Defendant's Motion in Limine to be served via ECF filing on all counsel so registered.

Dated: New York, New York
July 21, 2008

s/ Michael D. Silberfarb
Michael D. Silberfarb