UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT, LLC,<br><br>                    Plaintiff,<br><br>    - against -<br><br>DANIEL ZANGER,<br><br>                    Defendant. | Index No. 07-CV-6431 (JSR)<br><br>ECF |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE CONCERNING DEFENDANT'S NON-IFL
MARGIN CALLS AND TO DRAW AN ADVERSE INFERENCE FROM
DEFENDANT'S NON-PRODUCTION OF SUCH EVIDENCE**

Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**..................................ERROR! BOOKMARK NOT DEFINED.

**PRELIMINARY STATEMENT** ........................................................................................ 2

**ARGUMENT**.......................................................................................................................... 2

DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF TRADING ACTIVITY, INCLUDING MARGIN CALLS, IN DEFENDANT'S NON-IFL TRADING ACCOUNTS........................................................................................................................... 3

    A.   *Notwithstanding Repeated Requests, Defendant Has Produced No Evidence Concerning Margin Activity in Non-IFL Accounts* ............................................................ 3

    B.   *Defendant Possesses Evidence Relating to Margin Calls in Non-IFL Accounts*........... 5

    C.   *IAM Would Be Unfairly Prejudiced If Defendant Were Permitted to Introduce Such Evidence at Trial* ................................................................................................... 6

THIS COURT SHOULD DRAW AN ADVERSE INFERENCE FROM DEFENDANT'S NON-PRODUCTION OF EVIDENCE CONCERNING TRADING ACTIVITY, INCLUDIUNG MARGIN CALLS, IN DEFENDANT'S NON-IFL TRADING ACCOUNTS........................................ 6

**CONCLUSION**..................................................................................................................... 8

Plaintiff Independent Asset Management ("Plaintiff" or "IAM"), by and through its attorneys, Balestriere Lanza PLLC, respectfully submits this memorandum of law in support of its motion *in limine* (1) to preclude Defendant Daniel Zanger ("Defendant" or "Zanger") from introducing any evidence concerning the commission of margin calls, in any account *other* than that of the Independent Fund Limited ("IFL") and (2) to request this Court to draw an adverse inference from Defendant's non-production of the same.

## PRELIMINARY STATEMENT

It is well established that Defendant caused at least 115 margin calls and two day trading calls in IFL's trading account, the latter of which were not covered within the permissible timeframe. (*See* IFL Margin Report, attached as Lanza Decl. Ex. A; Zanger Dep. 57:8-24, attached as Lanza Decl. Ex. B.) IAM has attempted to ascertain whether Defendant has similarly caused a high level of margin calls in his other trading accounts, namely Westwood Capital Partners L.P. ("Westwood"), his domestic hedge fund, and Defendant's own personal trading account. (Lanza Decl. ¶ 3.) Yet, Defendant either has been unable to locate any record of such margin activity or has simply refused to produce such evidence. (Lanza Decl. ¶ 4.) Moreover, during his March 21, 2008, deposition, Defendant feigned total ignorance concerning the margin activity in non-IFL accounts, indicating that he had no idea how many margin calls had occurred. (Zanger Dep. 54:11-16.) As such, Plaintiff's motion should be granted.

## ARGUMENT

Federal Rule of Civil Procedure 37 provides that a party failing to disclose information as required by Rule 26(a) "is not allowed to use that information . . . at a

2

trial . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37(b)(2)(A)(ii) (permitting a court to issue an order "prohibiting the disobedient party from supporting or opposing designated claims or evidence, or from introducing designated matters in evidence"). The purpose of the rule is to prevent one side from "sandbagging" the other by introducing new evidence on the eve of trial or at trial. *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (citing *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)). Preclusion under Rule 37(c)(1) should be done with caution, *see Ventra*, 121 F. Supp. 2d at 332, but courts have broad discretion to exclude evidence on a motion *in limine. See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007). Defendant has either been unable, or has outright refused, to produce any evidence concerning margin calls in any non-IFL trading accounts. This Court should, therefore, preclude Defendant from introducing any such evidence at trial. Moreover, this Court should draw an adverse inference concerning Defendant's commission of margin calls in IFL's account versus his non-IFL accounts.

## POINT I

### DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OF TRADING ACTIVITY, INCLUDING MARGIN CALLS, IN DEFENDANT'S NON-IFL TRADING ACCOUNTS

**A.  Notwithstanding Repeated Requests, Defendant Has Produced No Evidence Concerning Margin Activity in Non-IFL Accounts**

In fewer than two years, Defendant caused more than one-hundred margin calls in the trading account for IFL, some of which he covered late or never at all. (IFL Margin Report.) In an attempt to establish whether Defendant treated his *other* trading

accounts—Westwood Capital Partners, L.P.[1] and Defendant's own personal account—with the same degree of care, IAM has sought documents illustrating Defendant's trading patterns and margin activity in those other accounts. Indeed, this evidence is significant in IAM's attempt to prove its IAM's breach of fiduciary claim.

On January 13, 2008, IAM specifically requested the production of "[a]ll documents regarding margin calls, day trading calls, and Zanger's covering of margin calls," without limitation, in its First Request for Production of Documents (IAM Document Requests, attached as Lanza Decl. Ex. C), but Defendant neither promptly produced these such documents nor formally responded to IAM's request. (Lanza Decl. ¶ 5.) After a series of discussions, Defendant finally made available for inspection a handful of monthly statements for Westwood and Defendant's own personal accounts. (Lanza Decl. ¶ 6.) However, up until just six days prior to the filing of this motion—July 16, 2008—Defendant refused to provide copies of specifically requested documents and had refused any further access to these documents. (Lanza Decl. at 7.) To date, Defendant has still failed to produce a record of margin violations Defendant caused in his non-IFL accounts. (Lanza Decl. Ex. at 8.)

Given the dearth of documentary evidence, IAM attempted to question Defendant at his deposition on whether Defendant had created margin calls in his non-

---

[1] Westwood Capital Partners, L.P. is Defendant's domestic hedge fund. Notably, Defendant denied during his deposition that he ever considered himself as having both an onshore and an offshore hedge fund. (Zanger Dep. 64:9-10.) However, documentary evidence makes clear that Defendant presumed having both an onshore fund (Westwood) and an offshore fund (IFL). (March 1, 2006, Instant Message Communication, attached as Lanza Decl. Ex. D.)

4

IFL accounts. (Zanger Dep. 53-54.) The only direct response was that Defendant "would assume" he had margin calls in his non-IFL accounts, but Defendant could not say "what the numbers were, whether it was ten, twenty, thirty, fifty, or two." (Zanger Dep. 54:12-13.) Defendant speculated that he might have caused margin calls in his other accounts, but he has since made zero effort to substantiate such conjecture. And despite IAM's efforts, Defendant has failed to produce any evidence whatsoever concerning the occurrence of margin calls in any of Defendant's non-IFL accounts.

**B.      Defendant Possesses Evidence Relating to Margin Calls in Non-IFL Accounts**

IAM and Defendant both used Goldman Sachs Execution & Clearing, L.P. ("GSEC") as their prime broker. (Lanza Decl. ¶ 9; Zanger Dep. 44:12-45:2, 63:9.) Whereas IAM obtained from GSEC a report of all of Defendant's margin calls in IFL's account, it is doubtless that Defendant, too, could have obtained a report listing margin calls from his non-IFL accounts. Thus, it is clear that Defendant has had constructive, if not actual, possession of any and all evidence relating to trading in Defendant's non-IFL trading accounts, including trading records and margin reports.

Defendant has volunteered no reason as to why he has been unable to procure these documents, for no such reason exists. Indeed, any failure on the part of Defendant to produce margin-related documents is attributable solely to Defendant's own deliberate decision either to actively withhold such information or simply to ignore IAM's simple requests. In any event, it is clear that Defendant possesses this evidence, so any failure to produce is an act of bad faith.

**C.     IAM Would Be Unfairly Prejudiced If Defendant Were Permitted to Introduce Such Evidence at Trial**

It is well established that courts have broad discretion to exclude evidence as unfairly prejudicial. *See In re Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (explaining that "the federal rules give district courts broad discretion to manage the manner in which discovery proceeds."); *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) (explaining that courts "give great deference to the district court's balancing of the probative value and prejudicial impact of the evidence"). Here, because IAM has had little or no opportunity to review any evidence concerning Defendant's trading activities in non-IFL accounts, to have its expert or anyone else examine such evidence, to compare it with evidence of margin calls in IFL's account, and to depose Defendant on his this evidence, IAM would be extremely prejudiced if Defendant were permitted to introduce evidence of this nature at trial.

As mentioned above, the purpose of discovery under the Federal Rules of Civil Procedure is to afford each party the opportunity to examine the evidence at hand to avoid any chance of unfair surprise at trial. However, because IAM has been given no such opportunity, Defendant should be precluded from introducing any evidence whatsoever of margin calls he caused in any accounts other than that of IFL.

**POINT II**

**THIS COURT SHOULD DRAW AN ADVERSE INFERENCE FROM DEFENDANT'S NON-PRODUCTION OF EVIDENCE CONCERNING TRADING ACTIVITY, INCLUDIUNG MARGIN CALLS, IN DEFENDANT'S NON-IFL TRADING ACCOUNTS**

If a party fails to produce evidence in the course of discovery, a court may issue

6

an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i). Specifically, where relevant information is in possession or control of one party, and that party refuses to provide that information, the court may draw an adverse inference that such information would be harmful to party who fails to provide. *See Weeks v. ARA Services*, 869 F. Supp. 194 (S.D.N.Y. 1994).

Here, IAM has alleged that Defendant's breached his fiduciary duty by, among other things, placing his own interests above that of IAM in their established joint venture. In an effort to prove its case, IAM has diligently attempted to adduce and procure evidence indicating that Defendant did not trade the account for IFL with as much care as he did with his own personal account and the account for his domestic hedge fund, Westwood. As Defendant induced more than 100 margin calls in IFL's account, IAM has sought evidence indicating whether Defendant created similar margin problems in his non-IFL trading accounts. However, as discussed above, Defendant has been unwilling to produce any evidence on margin activity in his non-IFL accounts. As such, this Court should draw an adverse inference that Defendant, in fact, did *not* treat IFL's account with as much case as his other trading accounts.

To be clear, an adverse inference is a powerful sanction that "brands one party as a bad actor" and "opens the door to a certain degree of speculation by the jury . . . ." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 900-901 (8th Cir. 2004). Therefore, courts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction. *See Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir.

7

1997). In this case, however, the only conclusion that one can draw from Defendant's failure to produce margin records *in his possession* is that Defendant is acting in bad faith to hide the fact that he treated IFL's trading account with less care than he treated his non-IFL accounts. Indeed, Defendant has nothing to gain from hiding evidence that the levels of margin activity are the same across all of his trading accounts, as that would douse much of IAM's case against Defendant. Notwithstanding that, and IAM's numerous requests, Defendant has refused to produce any such records.

Accordingly, this Court should draw the adverse inference that Defendant treated IFL's account with less care than his own personal trading account or the account for Westwood.

## CONCLUSION

Based on the foregoing, this Court should grant Plaintiff's motion *in limine* and preclude Defendant from introducing any evidence concerning his obligation to cover margin calls in IFL's account.

Dated: New York, New York  
July 21, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*  
Craig Stuart Lanza (CL-2452)  
John Balestriere (JB- 3247)  
**BALESTRIERE LANZA PLLC**  
225 Broadway, Suite 2900  
New York, NY 10007  
Telephone:  (212) 374-5400  
Facsimile:  (212) 208-2613  
*Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing document was served on the following counsel of record on July 21, 2008, via the methods listed below:

**By ECF**
Mike Silberfarb
MSilberfarb@JonesDay.com
*Attorneys for Defendant*

 

*s/ Craig Stuart Lanza*
Craig Stuart Lanza
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5404
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*