UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             )
INDEPENDENT ASSET MANAGEMENT LLC )           Case No. 1:07-cv-06431-JSR
and OLA HOLMSTROM,                                           )
                                                             )
            Plaintiffs,                                      )
                                                             )   ECF
                                                             )
vs.                                                          )
                                                             )
DANIEL ZANGER,                                               )
                                                             )
            Defendant.                                       )
                                                             )
                                                             )
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO CERTAIN OF IAM'S DAMAGES CLAIMS

Defendant Daniel Zanger ("Defendant") hereby moves *in limine* to exclude at trial evidence related to certain of IAM's damages claims.

### I. Relevant Facts

On January 3, 2008, Defendant served IAM with its First Set of Interrogatories, requesting, among other things, that IAM "[p]rovide the computation of each category of damages alleged."[1] Also, on January 3, 2008, Defendant served Plaintiff with a Notice of 30(b)(6) Deposition requesting that Plaintiff Independent Asset Management ("IAM" or "Defendant") produce 30(b)(6) witnesses to testify about, among other topics, "[a]ll documents allegedly supporting or reflecting the calculation of alleged damages set forth in the Amended Complaint."[2] On February 23, 2008, IAM served Defendant with its First Supplement to Plaintiff's Response to Defendant's First Set of Interrogatories ("Plaintiff's Damages

---

[1] A true and correct copy of Defendant's First Set of Interrogatories is attached hereto as Exhibit A.

[2] A true and correct copy of Defendant's 30(b)(6) Notice of Deposition is attached hereto as Exhibit B.

Calculations").[3] Plaintiff's Damages Calculations briefly describe each of IAM's alleged categories of damages and prescribe a dollar value to each category. In late February 2008, IAM identified George Szele ("Szele"), one of its directors, as its lone 30(b)(6) witness.

At his March 5, 2008 deposition, Szele was unable to testify regarding several topics including the bases for Plaintiff's Damages Calculations. Acknowledging that Szele was unable to fully testify regarding these topics, IAM agreed to produce Szele to be deposed for a second time on April 17, 2008; however, at this deposition, Szele admitted that he was again unprepared to testify regarding certain of Plaintiff's Damages Calculations, and as a result, IAM agreed to produce Szele for a third time on July 11, 2008.

During Szele's July 11, 2008 Deposition, IAM produced, for the first time, a spreadsheet ("Damages Spreadsheet") which included what Szele described as a "break down" of Plaintiff's Damages Calculations. Using the spreadsheet as a guide, Szele finally was able to testify about the bases for Plaintiff's Damages Calculations.

## II. Argument

Several of the Plaintiff's Damages Calculations, as described by Szele, have a fundamental flaw. Specifically, as detailed immediately below, these damages calculations would not be recoverable even if IAM could prove that Zanger breached his contract with IAM (which it cannot). Evidence of such unrecoverable damages is both irrelevant and prejudicial. Accordingly, such evidence should be deemed inadmissible.

---

[3] A true and correct copy of Plaintiff's Damages Calculations is attached hereto as Exhibit C.

## A. Damages Not Recoverable By IAM

1. <u>Damages Claims For Alleged Injuries To Third Parties Are Not Recoverable By IAM</u>

First, despite its claims to the contrary, IAM cannot recover damages for injuries to third parties. At his July 11, 2008 deposition, Szele testified that part of IAM's damages claims included at least $600,000 of wages that he and Joseph Porco ("<u>Porco</u>"), another IAM director, would have earned, had they not formed IAM.[4] Szele and Porco are not parties to this action, and their lost personal wages are not recoverable by IAM.

2. <u>Damages Claims For Alleged "Potential" Injuries That Have Not Been Realized Are Not Recoverable</u>

Moreover, IAM cannot recover damages for alleged "potential" but unrealized liability. Plaintiff's Damages Calculations and its Damages Spreadsheet indicate that IAM believes Zanger is liable to IAM for somewhere between $150,000 and $450,000 resulting from IAM's "potential liability" to third party investors. At his third deposition, Szele admitted that neither of the two investors who could potentially file a lawsuit against IAM has done so.[5] Potential

---

[4] Q. Let's go down to where [the spreadsheet] says damages down at the bottom. Do you see that?

A. Yes.

\*\*\*

Q. Says one year earning potential for G, 400,000. What does that mean?

A. Well, my last professional position at Goldman Sachs I earned 400,000 in one year, so I just took one year of what I could have earned had I been doing maybe something else or, you know, if I wasn't thwarted by Dan again in various ways. I just took one year of what I would have earned typically at a Wall Street shop, and that's 400,000. Same thing.

\*\*\*

Q. One year earning potential for Joe [Porco], next line down [on the spreadsheet], $200,000. What's that based on?

A. Based on his potential, same thing. Based on [Porco's] potential.

(<u>See</u> July 11, 2008 Deposition of George Szele, at 404:14-405:6. A copy of the transcript of the relevant portions of the July 11, 2008 Deposition of George Szele is attached hereto as Exhibit D); <u>see also</u> IAM's Damages Spreadsheet. A copy of IAM's Damages Spreadsheet is attached hereto as Exhibit E.

[5] Q. Has either Ola Homstrom [SIC] or the 2007 investor sued IAM?

3

damages, as opposed to actual damages, are not recoverable by IAM. *See Transor v. BP North American Petroleum*, 736 F. Supp. 511, 516-517 (S.D.N.Y. 1990) ("the existence of potential liabilities does not automatically translate into actual damages suffered.")

### 3. IAM May Not Recover Expenditures Unrelated To Zanger's Actions

IAM also cannot recover damages for injuries unrelated to Zanger's actions. Plaintiff's Damages Calculation indicate that that Zanger is liable to IAM for funds spent by IAM that were unrelated to Zanger's actions.

At his July 11, 2008 Deposition, Szele testified that Zanger is liable to IAM for $800,000 of debt that IAM incurred throughout its existence.[6] IAM makes this allegation despite the fact

---

    A. No they haven't sued us. . .

    (July 11, 2008 Deposition of George Szele, at 423:3-423:5).

[6] See Plaintiff's Damages Calculations and IAM's Damages Spreadsheet.

    Q. Minimum debt IAM, A$800,000, what's that based on?

    A. Again is just the – he seed capital and the debt we incurred from – from the – over the series. That will be – that will on the tax returns as well, the debt.

    Q. How did you calculate that?

    A. From the tax stuff, from the accountant.

\*\*\*

    Q. What year is this $800,000 based on? What years was this debt?

\*\*\*

    Q. From '01 to '05?

    A. Some of it is based on earlier years.

\*\*\*

    Q. Is this debt based on IAM's total debt throughout the period of IAM's existence?

    A. Yes. Everything that's minimum to IAM refers to IAM's existence in building and, you know, seed capital that we had.

    Q. You believe Dan should pay off all of IAM's debts for its entire existence, despite the fact Dan only worked there fore two years...?

    A. I think Dan should pay off much more than that, because he shut down something that could have created a lot more revenue for us.

    See July 11, 2008 Deposition Transcript of George Szele, 441:15 – 443: 5.

4

that IAM's tax returns make clear, and Szele acknowledges, that IAM likely had incurred approximately $720,000 of debt prior to Zanger's relationship with the IAM.[7]

Szele also testified that Zanger should be liable for startup costs of IAM and IAM's hedge fund, the International Fund Limited ("IFL")—costs which IAM would have incurred whether or not it had a relationship with Zanger or not.[8] For example, Szele indicated that Zanger is liable for information technology costs incurred by IAM while setting up IFL.[9]

---

[7] See IAM's 2004 tax return. A true and correct copy of IAM's tax return is attached hereto as Exhibit E.

Q. That says $822,562 in Column 19 under debts owed by IAM, correct?

A. 822,562, end of year, yeah.

Q. So before Dan Zanger even got involved with IAM, IAM already had debts in excess of $800,000, correct?

A. I don't think that's correct, because I think the hundred thousand in the 822 of Dan's money he put in.

Q. So even assuming that hundred thousand is in [the calculation], IAM going into its agreement with Dan Zanger already had debt of $722,562?

A. We'd have to check with the accountant, but that's possible.

July 11, 2008 Transcript of George Szele Deposition, at 493:18 – 494:11.

[8] Q. Let's go to the next line down, shut down of IFL $500,000. What's that based on? It's in your spreadsheet.

A. Shut down. Yeah I mean, we – again, we spent well over $500,000 in building the Independent Fund, and Dan essentially shut it down, so that's where that comes from, and we spent well over half a million dollars to build IAM over the years, and basically that was shut down by him as well.

Q. Do you have any evidence, documentary or otherwise, that show[s] that $500,000, how you calculated it, where that $500,000 came from?

A. I think if you looked at all the money we spent over the years, expenses, you know marketing, building, the fund costs, everything, if you combine everything, it's well over – it's over a million dollars to build the structures and to maintain them and to, you know, just operate.

\*\*\*

A. You can just put a million under IAM and strike the IFL. I just divided it because they're both intertwined.

Q. So you're saying that the combined loss to IAM is $1 million?

A. I'm saying the combined expenditure over the years for both IFL and IAM extends over million, yeah.

(July 11, 2008 Deposition of George Szele, at 424:13 – 426:18.)

[9] Q. In connection with the management of IFL, IAM incurred approximately $20,000 cost in implementing the information technology necessary to operate a hedge fund. Because defendant's action shut down IFL, IAM was unable to realize the value of information technology.

\*\*\*

Q. Is that included in the spreadsheet?

IAM cannot recover damages for such expenses, which would have occurred even if not for its relationship with Zanger. *LNC Investments, Inc. v. First Fidelity Bank*, 173 F.3d 454, 464 (2d Cir. 1999) ("There is, of course, a fundamental requirement, similar to that imposed in tort cases, that the breach of contract be the cause in fact of the loss.") (quoting E. Allan Farnsworth, *Contracts* § 12.1, 841 (2d ed. 1990)).

To be sure, IAM has alleged damages based upon revenues and profits that it claims it would have earned but for Zanger's alleged breach of contract. Those alleged revenues, if they constituted proper damages, could have been used to cover pre-existing expenses and debts of IAM. However, that fact does not make the amounts of the expenses or debts themselves recoverable damages. Indeed, besides the fact that Zanger did not cause the expenses and debts to be incurred, allowing those damages claims would amount to a double-counting since IAM is alleging the full amount of the supposed lost revenue and profits that Zanger caused by his alleged breach of contract.

### B. Evidence Of IAM's Non Recoverable Damages Should Be Inadmissible At Trial

Evidence related to damages that are not recoverable by IAM is inadmissible because it is irrelevant and prejudicial. Pursuant to Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." "Relevant Evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401 (internal quotations omitted). Evidence of non-recoverable damages does not make it more or

---

A. No.

Q. It's not? It's not included in the money IAM spent to start its company, the $500,000?

A. If you want to include it, you can include it.

(July 11, 2008 Deposition of George Szele, at 464:15 – 465:10).

less probable that IAM's damages allegations are in fact valid. Accordingly such evidence is irrelevant and inadmissible. See Id.

Furthermore, even if evidence of IAM's non-recoverable damages were relevant to this action, it would still be inadmissible because its probative value is substantially outweighed by its prejudicial effect. Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Advisory Committee Note to Rule 403 explains that unfair prejudice as used in Rule 403 is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee notes. District Courts have significant discretion when applying Rule 403. E.g., United States v. Aalameh, 152 F.3d 88, 110 (2d Cir. 1998) ("A district court is obviously in the best position to do the balancing mandated by Rule 403. We will second-guess a district court only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.")

Here, reference to IAM's non-recoverable damages could cause jury members to confuse recoverable and non-recoverable damages, and inadvertently award damages based upon the latter category. Therefore, even if non-recoverable damages were relevant (which they are not), introduction of such evidence must be precluded under Rule 403. Zubulake v. UBS Warburg, LLC, 282 F.Supp 2d 536, 548 (S.D.N.Y. March 16, 2005).

### III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court grant this motion and any other relief it finds appropriate.

Dated: July 21, 2008                                    Respectfully submitted,


                                                        *s/* Michael D. Silberfarb
                                                        Thomas H. Sear (TS-5570)
                                                        Michael D. Silberfarb (MS-9678)
                                                        Matthew E. Szwajkowski (MS-8362)
                                                        JONES DAY
                                                        222 East 41st Street
                                                        New York, NY 10017-6702
                                                        Telephone: (212) 326-3939
                                                        Facsimile: (212) 755-7306
                                                        msilberfarb@jonesday.com

                                                        *Attorneys for Defendant Daniel Zanger*

## CERTIFICATE OF SERVICE

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 21, 2008, he caused a true and correct copy of the attached Memorandum of Law in Support of Defendant's Motion in Limine to be served via ECF filing on all counsel so registered.

Dated: New York, New York
       July 21, 2008

                                            s/ Michael D. Silberfarb
                                            Michael D. Silberfarb