UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEPENDENT ASSET MANAGEMENT, LLC,

                      Plaintiff,

    - against -

DANIEL ZANGER,

                      Defendant.

Index No. 07-CV-6431 (JSR)

ECF

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE CONCERNING
DEFENDANT'S OBLIGATION TO COVER MARGIN CALLS IN IFL'S ACCOUNT**

Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**...................................ERROR! BOOKMARK NOT DEFINED.

**ARGUMENT**............................................................................................................................ 3

    DEFENDANT DOES NOT HIMSELF CONTEND THAT HE WAS NOT OBLIGATED TO COVER HIS MARGIN CALLS ............................................................................................................... 3

    DEFENDANT HAS NOT INTRODUCED ANY EVIDENCE INDICATING THAT HE WAS NOT OBLIGATED TO COVER HIS MARGIN CALLS................................................................................ 5

    DEFENDANT HAS NOT ATTEMPTED TO CONTRADICT THE PARTIES' ESTABLISHED COURSE OF PERFORMANCE ..................................................................................................................... 5

**CONCLUSION**....................................................................................................................... 7

Plaintiff Independent Asset Management ("Plaintiff" or "IAM"), by and through its attorneys, Balestriere Lanza PLLC, respectfully submit this Memorandum of Law in support of its motion *in limine* to precluding Defendant Daniel Zanger ("Defendant" or "Zanger") from introducing any evidence concerning whether Defendant was obligated to cover margin calls created in the account for the Independent Fund Limited ("IFL").

## PRELIMINARY STATEMENT

It is undisputed that in October of 2004, Plaintiff and Defendant signed an Agreement whereby Defendant agreed to invest between $5 million and $50 million into IFL's Class Z shares and to trade Class Z shares. It is undisputed that Plaintiff, Defendant, and the Prime Broker entered into agreement whereby the Defendant agreed to adhere to all applicable laws, rules, regulations, and guidelines. Additionally it is undisputed that Defendant caused two day trading calls in IFL's account in November 2006, and it is further undisputed that these margin calls were not covered. In explaining why he refused to cover these two day trading calls, Defendant has offered a number of reasons, but Defendant has *never* suggested that he had no obligation to cover these day trading calls. Indeed, the only such argument appeared during Defendant's motion papers filed in connection with the recent motions for summary judgment.

Accordingly, IAM respectfully moves for an order precluding Defendant from introducing any evidence concerning whether Defendant was required to cover margin calls that Defendant created in the account for the Independent Fund Limited.

2

**ARGUMENT**

The purpose of Rule 26 of the Federal Rules of Civil Procedure is to prevent one side from "sandbagging" the other by introducing new evidence on the eve of trial or at trial. Rule 37 thus provides that party who fails to disclose information as required by Rule 26(a) "is not allowed to use that information . . . at a trial . . . unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). This Court has broad discretion to exclude evidence in advance of trial on a motion *in limine. See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007). Defendant here does not contend that he was *not* obligated to cover his margin calls, has produced no evidence to rebut that he was obligated, and has not attempted to contradict the well-established course of performance whereby Defendant *did* cover his first 115 margin calls. Accordingly, Defendant should be precluded from offering any evidence or testimony to argue that he was *not* obligated to cover all of his margin calls in IFL's account.

POINT I

**DEFENDANT DOES NOT HIMSELF CONTEND THAT HE WAS NOT OBLIGATED TO COVER HIS MARGIN CALLS**

It is well established in this case that Defendant, acting as a trader for IFL, IAM's hedge fund, caused more than 100 margin calls in fewer than two years. (*See* Margin Report, attached as Lanza Decl. Ex. A.) Some of these were covered late, and some others were not covered at all. Deep within Defendant's papers filed in connection with the recently decided motions for summary judgment, counsel for Defendant suggested that Defendant was not obligated to cover a single one of these calls and that, in fact, he covered the first 115 (out of 117) out of generosity.

3

This is absurd, and Defendant's own statements suggest as much. It is significant that Defendant himself has not once contested that he was not obligated to cover these margin calls. Whether in instant message communications with IAM's George Szele ("Szele") or at his deposition, Defendant has *never* intimated that he did not have to cover margin calls that resulted from Defendant's own trading.

During all of Defendant's instant message communication with Plaintiff, including the last instant message correspondence between Plaintiff and Defendant in November 2006, Defendant did not deny his obligation to cover the last two margin calls or, for that matter, margin calls in general. (*See* Instant Message: IAM 006502). When requested by both Gianina Arturo and George Szele to cover previous margin calls, Defendant accepted the responsibility to right his wrongs and cover his margin calls. In response to these requests, Defendant never said that he was not required to cover, and he never suggested that he would cover his calls as a gratuity. During his deposition, when questioned about why he did not cover the last two margin calls in IFL, Defendant offered little explanation, but he certainly did not contend that he did not have an obligation. (Zanger Dep. 57-58, attached as Lanza Decl. Ex. B.)

Curiously, however, Defendant's counsel now purports to argue that Defendant was under no obligation to cover margin calls in IFL's account, margin calls caused by Defendant's own trading. This is simply too little, too late, and this Court should preclude Defendant from denying that he had an obligation to cover his margin calls.

4

## POINT II

**DEFENDANT HAS NOT INTRODUCED ANY EVIDENCE INDICATING THAT HE WAS NOT OBLIGATED TO COVER HIS MARGIN CALLS**

Of the 115 margin calls that Defendant incurred while trading for IFL, 66 were violations of the Prime Broker's house margin rules, 46 represented violations of Regulation T of the Securities and Exchange Commission, and 3 represented violations of Rule 431 of the New York Stock Exchange. Defendant has not produced any documentation or evidence that would exclude him from the Prime Broker's margin rules, Regulation T, Rule 431, or the Plaintiff-Defendant Agreement.

Plaintiff fully performed its obligations under the Plaintiff-Defendant Agreement, by exercising its best efforts to manage and market the fund within the confines of both the Prime Broker and Plaintiff-Defendant Agreements. Defendant's lack of a denial of his margin obligations, combined with the lack of any evidence that excused his actions should preclude Defendant from denying that he had an obligation to Plaintiffs to cover his margin calls.

## POINT III

**DEFENDANT HAS NOT ATTEMPTED TO CONTRADICT THE PARTIES' ESTABLISHED COURSE OF PERFORMANCE**

From October 2004 through November 2006, Defendant incurred 115 margin calls. (*See* Margin Report.) Any margin call that Defendant incurred represented a deficiency in the required level of margin that Defendant was trading with. In all instances, except the two November 2006 margin calls, Defendant eventually covered his prohibited margin deficiencies after learning of his violations. Moreover, for even

the margin calls that Defendant did not cover within the first few days, when IAM's George Szele specifically requested that Defendant cover the margin calls immediately, Defendant did not protest that he was not required to do so. Instead, Defendant willingly complied, suggesting in every respect that it was merely Defendant's obligation. (*See* Margin Report; October Instant Message, attached as Lanza Decl. Ex. B.)

Defendant has not provided any rationale for covering the margin violations for each one of his 115 violations and suddenly not covering the last 2 margin calls. Therefore, Defendant's course of performance indicated that Defendant was obligated to adhere to the margin rules and regulations.

In November 2006, Defendant incurred two margin calls that he refused to cover. In Defendant's own words, "I'm not sending in any more money . . . no more 3-4 week waits." (November Instant Message, attached as Lanza Decl. Ex. C.) Defendant further explained that he would do "nothing" about the day trading margin calls. (*See id.*) Defendant's course of performance suggests the Defendant knew maintaining a required margin was expected and required, and that intentionally not correcting the 2 margin calls could likely force IFL to shut down its operations and cease functioning as a hedge fund. Defendant's lack of a denial of his obligation to cover margin calls, the absence of any evidence excusing Defendant's margin call violations, and Defendant's course of performance covering the prior 115 margin calls should precluded the Defendant from introducing any evidence regarding Defendant's obligation to cover margin calls in the IFL account.

## **CONCLUSION**

Based on the foregoing, this Court should grant Plaintiff's motion *in limine* and preclude Defendant from introducing any evidence concerning his obligation to cover margin calls in IFL's account.

Dated: New York, New York
      July 21, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*
Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on July 21, 2008, via the methods listed below:

**By ECF**
Mike Silberfarb
MSilberfarb@JonesDay.com
*Attorneys for Defendant*

*s/ Craig Stuart Lanza*
Craig Stuart Lanza
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5404
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*