UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:   Index No. 07-CV-6431 (JSR)
INDEPENDENT ASSET MANAGEMENT,   :
LLC,                            :   ECF
                                :
            Plaintiff,          :
                                :
      - against -               :
                                :
DANIEL ZANGER,                  :
                                :
            Defendant.          :
                                :
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE RAYMOND ARONSON FROM TESTIFYING TO UNDISPUTED
FACTS AND DAMAGES AND FROM PROVIDING A LEGAL ANALYSIS**

Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**..................................................................................................... 2

**PRELIMINARY STATEMENT** ............................................................................................. 3

**ARGUMENTS** ……………………………………………………………………….4

    **ARONSON DOES NOT POSSESS THE QUALIFICATIONS NECESSESSARY TO TESTIFY TO HEDGE FUND DAMAGES** ......................... 4

    **ARONSON CANNOT TESTIFY TO THE UNDISPUTED FACTS THAT MARGIN CALLS ARE NOT A VIOLATION OF THE AGREEMENT AND DEFENDANT COMMONLY TRADED WITH HIGH LEVERAGE** .......................................................................... 5

    **ARONSON'S OPINION ON WHETHER DEFENDANT'S MARGIN CALLS VIOLATED ANY REGULATIONS AND DEFENDANT'S USE OF LEVERAGE, CONSTITUTED A LEGAL ANALYSIS NOT AN EXPERT OPINION** ...ERROR! BOOKMARK NOT DEFINED.

    **ARONSON'S OPINIONS ARE NEITHER PREMISED ON SUFFICIENT FACTS OR DATA NOR CAN THEY BE BASED ON HIS EDUCATION, TRAINING OR EXPERIENCE** ........................................ 7

    **ARONSON SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE EXISTINENCE OF A JOINT VENTURE BETWEEN PLAINTIFF AND DEFENDANT BECAUSE THE ISSUE IS A LEGAL AND NOT A FACTUAL MATTER** ........................................................... 8

**CONCLUSION**................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

<u>Daubert v. Merrell Dow Pharm. Inc.</u>, 509 U.S. 579 (1993)......................................................... 3
<u>Gen. Elec. Co. v. Joinder</u>, 522 U.S. 136, 146 (1997) .................................................................. 3
<u>Hartzler v. Wiley, 277, F. Supp.2d 1114 (D. Kan. 2003)</u> ........................................................... 6

**Statutes**

**Fed. R. Evid. Rule 702(2)** ........................................................................................................ 3
Fed. R. Evid. Rule 704…………………………………………………………………….. 3

**PRELIMINARY STATEMENT**

Rule 702 mandates that Defendant's Expert Witness, Raymond L. Aronson's ("Aronson") conclusions be "the product of reliable principles and methods." Fed. R. Evid. Rule 702(2). Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993) and Rule 702 give this court a gate-keeping function to "ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable." This gate-keeping role requires this Court to determine whether Aronson's testimony is "more than subjective belief" or "unsupported speculation." Daubert, 509 U.S. at 590. Thus, "a court may determine that there is simply too great an analytical gap between the data and the opinion proffered." Gen. Elec. Co. v. Joinder, 522 U.S. 136, 146 (1997); Accord Advisory Committee Note, 192 F.R.D. at 419 (stating that "the trial court's gate keeping function requires more than simply 'taking the expert's word for it' "). Aronson's testimony should be excluded because: 1) Aronson is not qualified to testify as to damages of hedge funds; 2) the report is mainly about issues which are not in dispute; 3) the opinions are based on legal assertions; and 4) Aronson does not have any experience with the management or promotion of hedge funds and yet, he bases his report solely on his purported experience in the industry without referencing any statistics or data to substantiate them.

**ARGUMENT**

**POINT I**

**ARONSON DOES NOT POSSESS THE QUALIFICATIONS NECESSESSARY TO TESTIFY TO HEDGE FUND DAMAGES**

Aronson has 35 years of *legal* experience in the financial industry involving regulatory, compliance, and arbitration affairs. However, none of Aronson's experience is relevant to the dispute at hand and simply because Defendant has worked as lawyer in the financial industry does not qualify him to testify to non-legal financial disputes that involve hedge fund damages. Indeed, Aronson's report itself focuses almost exclusively on the legal issue of whether a margin call leads to a violation of the Broker's Agreement. In 1968, Aronson prepared a report on the nature of hedge funds for the Vice President of Legal and Regulatory Affairs of AMEX, nonetheless this appears to be some of the only substantial experience in hedge funds that Aronson possesses. During the majority of Aronson's career he served as counsel at Bear Stearns where he was involved in mostly compliance issues, and currently Aronson is a Director in the Opinion and Testimony Group of Sutter Securities.

Hedge fund damages are central to the dispute in this case and Aronson appears to be extremely under qualified to testify to the matter. Of the 23 proceedings that Aronson has testified on in the past four years, none of his testimony involved hedge fund damages. In addition, 20 of the 23 proceedings that Aronson testified in were arbitration dealings, not trials. Aronson admits in his expert report that he regularly testifies in arbitrations involving governmental and self-regulatory organizations that

4

commonly involved policy and rule changes and interpretations. Aronson's arbitration and regulatory experience is not conducive to qualify him as an expert at calculating hedge fund damages. Aronson's resume even indicates that he has "in-depth knowledge" of securities laws and self-regulatory organizational rules and brokerage firm operations, but this experience does not ordain Aronson as a hedge fund damage expert. Thus, the Court should preclude Aronson from testifying about Plaintiff's hedge fund damages.

## POINT II

**ARONSON CANNOT TESTIFY TO THE UNDISPUTED FACTS THAT MARGIN CALLS ARE NOT A VIOLATION OF THE AGREEMENT AND DEFENDANT COMMONLY TRADED WITH HIGH LEVERAGE**

In a Memorandum Order, dated June 16, 2008, Judge Jed S. Rakoff granted motions on a substantial portion of the information that Aronson supplied in his Report. Jude Rakoff's Order stated that margin calls were not a violation of the Prime Broker's rules or regulation, and that large 20% drawdowns with the use of substantial leverage are not by themselves a breach of the Agreement between Plaintiff and Defendant. Aronson's Report simply restates these undisputed facts.

In paragraph 18 of Aronson's Report, it states that margin calls are a common practice in the hedge fund industry, unless the trader fails to meet the margin call in the mandated time. (See Aronson Report, attached Lanza Decl. Ex. A.) The Court's Memorandum Order says that margin calls *per se* are not a violation of the Prime Broker Agreement, therefore Aronson would be testifying to an undisputed fact. Additionally, in paragraph 12 of the Aronson Report, Aronson mentions that Defendant's large use of

5

leverage within his trading strategy should have been expected, and no violations or regulations were broken while employing Defendant's chart trading approach. (See Aronson Report Ex. A.)  Aronson's Report simply reiterates the Courts binding decision that drawdowns of more than 20% will not by themselves constitute a breach.

Aronson's testimony is completely superfluous and can only confuse the jury. As a result the Court should preclude Aronson from testifying about undisputed facts that both parties are bound by.

## POINT III

**ARONSON'S OPINION ON WHETHER DEFENDANT'S MARGIN CALLS VIOLATED ANY REGULATIONS AND DEFENDANT'S USE OF LEVERAGE, CONSTITUTED A LEGAL ANALYSIS NOT AN EXPERT OPINION**

Aronson's assertions that the use of leverage and commission of margin calls is a common practice in the hedge fund industry are legal and not expert opinions. Opinions that are "phrased in terms of inadequately explored legal criteria" or that "merely tell the jury what result to reach" are not deemed helpful to the jury and are thus not deemed admissible under Rule 702.  Fed. R. Evid. 704; Hartzler v. Wiley, 277 F. Supp.2d 1114, 1118 (D. Kan. 2003) (explaining that experts "may not apply the law to the facts of the case to form legal conclusions").

First, Aronson states in his report that Plaintiff "expected" or "should have expected" that Defendant would use leverage and that it was "unreasonable" for Plaintiff to expect otherwise.  Aronson is using legal jargon and analysis to arrive at his conclusions about hedge fund practices. (See Aronson Report Ex. A. Paragraph 17.) Aronson also asserts in his report that Defendant's margin calls do not violate any SEC,

exchange, or broker rules or regulations. (See Aronson Report Ex. A. Paragraph 19.) Whether Defendant's margin calls violate any rules is not a matter for an expert witness, it is a legal matter for the court and the jury to decide by applying the facts to the law. Thus, Aronson's testimony should be excluded because he is not called to give his expert legal opinions, but to testify about hedge fund damages.

POINT IV

**ARONSON'S OPINIONS ARE NEITHER PREMISED ON SUFFICIENT FACTS OR DATA NOR CAN THEY BE BASED ON HIS EDUCATION, TRAINING OR EXPERIENCE**

Aronson's Report is not based on sufficient facts or data as required by Rule 702 of the Federal Rules of Evidence. First, he offers no statistical evidence or data to substantiate his conclusions that margin calls are common practice in the hedge fund industry, and that the Plaintiff would not have attracted any investors after 2006. Second, Aronson does not have any education, training or professional experience that would allow him to arrive at these opinions based solely on his personal knowledge and absent any supporting data. While Aronson's education and professional practice may qualify him to testify about legal matters relating to compliance and regulation of hedge funds, his 35 years of experience do not qualify him as an expert on the commonality of margin calls in the hedge fund industry.

Similarly, Aronson's experience and legal education do not provide basis for his opinion that the Plaintiff could not have attracted any investors after 2006. Again, Aronson does not substantiate this opinion with any statistics or data and his conclusion on this point is not believable because of that.

POINT V

**ARONSON SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE EXISTINENCE OF A JOINT VENTURE BETWEEN PLAINTIFF AND DEFENDANT BECAUSE THE ISSUE IS A LEGAL AND NOT A FACTUAL MATTER**

The disputed issue of whether Defendant and Plaintiff entered into a joint venture is a matter for the court and the fact finder to decide and not subject to expert determination. The term "joint venture" has a specific legal meaning and describes a special kind of business partnership which exists if a number of elements are satisfied. While experts in the hedge fund industry can testify as to whether the factual premises of the elements are present, they cannot testify as to whether the legal elements are in satisfied or whether a joint venture existed.

**CONCLUSION**

Based on the foregoing, this Court should grant Plaintiff's motion *in limine* and preclude Aronson from testifying to undisputed facts, damages, and providing a legal analysis.

Dated: New York, New York
       July 21, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*
Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone: (212) 374-5400
Facsimile: (212) 208-2613
*Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on July 21, 2008, via the methods listed below:

**By ECF**
Mike Silberfarb
MSilberfarb@JonesDay.com
*Attorneys for Defendant*

*s/ Craig Stuart Lanza*
Craig Stuart Lanza
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5404
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*