UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT LLC ) and OLA HOLMSTROM, ) ) Plaintiffs, ) ) vs. ) ) DANIEL ZANGER, ) ) Defendant. ) ) ) ) ) ) | Case No. 1:07-cv-06431-JSR ECF |

------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO STEVEN SCHULMAN'S CONDUCT PRIOR TO HIS RETENTION IN THIS MATTER**

Defendant Daniel Zanger ("Defendant") hereby moves *in limine* to exclude at trial evidence related to the certain matters involving Zanger's former attorney Steven Schulman, Esq. ("Schulman") in matters unrelated to this matter.

**I. Relevant Facts**

In the Fall of 2007, Defendant retained Schulman as his counsel in this action. Subsequently, on October 9, 2007, Schulman pled guilty to participating in a scheme in which his law firm secretly paid kickbacks to clients serving as named plaintiffs in class action matters. In late October 2007, following Schulman's guilty plea, Defendant retained the law firm of Jones Day to replace Schulman as counsel in this matter. The allegations against Schulman were not related to his representation of Mr. Zanger, and there are no facts to suggest that Schulman acted

unethically during his representation of Mr. Zanger. Defendant has filed this motion because when shown a letter from Schulman during his deposition, IAM Director Joseph Porco responded "Is this the lawyer that Dan had prior to you, the guy that got in all the trouble and he had to fire him?" (Deposition Tr. of Joseph Porco, March 3, 2008, at 80:18-80:20). A copy of the relevant portions of the deposition transcript is attached hereto as Exhibit A.

## II. Argument

Evidence related to Schulman's involvement in matters unrelated to this matter is inadmissible at trial because it is irrelevant and prejudicial. Pursuant to Rule 402 of the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." "Relevant Evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401 (internal quotations omitted). Evidence of Schulman's conduct does not make it more or less probable that *Defendant* breached his Agreement with, or his fiduciary duty to, Plaintiff, IAM. Therefore, such evidence is inadmissible at trial. See Id.

Furthermore, even if evidence of Schulman's retention and conduct was relevant to the present matter (which it is not), it would still be inadmissible because its probative value is substantially outweighed by its prejudicial effect. Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Advisory Committee Note to Rule 403 explains that unfair prejudice as used in Rule 403 is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's notes. District Courts have significant discretion when applying Rule 403. E.g., United States v. Aalameh, 152 F.3d 88, 110 (2d Cir. 1998) ("A district court is obviously in the best position to do the balancing mandated by Rule 403. We will second-guess a district court only if there is a clear showing that the court abused its discretion or acted arbitrarily or irrationally.")

Here, reference to Schulman's conduct in unrelated matters would have no probative value, but such evidence could cause significant prejudice to the Defendant by causing members of the jury to attribute weight to Schulman's actions when determining Defendant's liability. Therefore, introduction of such evidence must be precluded under Rule 403. Cordius Trust v. Kummerfeld, 2008 WL 113683 (S.D.N.Y. Jan 10, 2008) ("The proffered . . . evidence . . . has limited probative value at his trial and simultaneously poses a serious risk of confusing the issues at trial and of misleading the jury); Zubulake v. UBS Warburg, LLC, 282 F.Supp 2d 536, 548 (S.D.N.Y. March 16, 2005) (Evidence excluded under Rule 403 where negative "unfair prejudice" created by the "emotions" associated with that evidence substantially outweigh the limited probative value of that evidence").

### III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court grant this motion and any other relief it finds appropriate.

Dated: July 21, 2008                                      Respectfully submitted,


                                                          s/ Michael D. Silberfarb
                                                          _____
                                                          Thomas H. Sear (TS-5570)
                                                          Michael D. Silberfarb (MS-9678)
                                                          Matthew E. Szwajkowski (MS-8362)
                                                          JONES DAY
                                                          222 East 41st Street
                                                          New York, NY 10017-6702
                                                          Telephone: (212) 326-3939
                                                          Facsimile: (212) 755-7306
                                                          msilberfarb@jonesday.com

                                                          *Attorneys for Defendant Daniel Zanger*

## **CERTIFICATE OF SERVICE**

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 21, 2008, he caused a true and correct copy of the attached Memorandum of Law in Support of Defendant's Motion in Limine to be served via ECF filing on all counsel so registered.

Dated: New York, New York
       July 21, 2008

                                              s/ Michael D. Silberfarb
                                              Michael D. Silberfarb