UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             )
INDEPENDENT ASSET MANAGEMENT LLC )   Case No. 1:07-cv-06431-JSR
and OLA HOLMSTROM,                                           )
                                                             )
            Plaintiffs,                                      )
                                                             )   ECF
                                                             )
vs.                                                          )
                                                             )
DANIEL ZANGER,                                               )
                                                             )
            Defendant.                                       )
                                                             )
                                                             )
------------------------------------------------------------ X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING DEFENDANT'S NON-IFL MARGIN CALLS AND TO DRAW AN ADVERSE INFERENCE FROM DEFENDANT'S NON-PRODUCTION OF SUCH EVIDENCE**

Defendant Daniel Zanger ("Zanger") hereby files this memorandum of law in opposition to Plaintiff's Motion in Limine to Preclude Evidence Concerning Defendant's Non-IFL Margin Calls and to Draw And Adverse Inference from Defendant's Non-Production of Such Evidence. (the "Motion").

**I. Relevant Facts**

Zanger and Plaintiff Independent Asset Management ("Plaintiff" or "IAM"), entered into an agreement (the "Agreement") in October 2004, whereby Zanger agreed to trade a class of shares for the Independent Fund Limited ("IFL"), a hedge fund for which IAM was the trading manager. Zanger traded IFL's Class Z Shares from early 2005 through December 2006. During this time, Zanger's trading resulted in approximately 115 margin calls, all but two of which were timely met in accordance with applicable rules and regulations.

During this same time period, Zanger also traded shares of his personal trading account and his domestic hedge fund, Westwood Capital ("<u>Westwood</u>").  Zanger's Westwood and personal accounts were subject to their own terms and conditions and were in no way related to the trading on behalf of IFL.

During discovery, IAM requested that Zanger produce the trading records from his personal and Westwood accounts.  In response to this request, Zanger produced over 2000 pages of trading records--a production which encompassed all records from his personal and Westwood accounts in his possession and in the possession of his non-party accountant.  Neither Zanger nor his accountant has ever had possession of any other records related to his Westwood or personal accounts.

## II. <u>Argument</u>

This is a motion directed at documents that do not deal with the performance of the contract at issue.  They deal with Zanger's trading in accounts unconnected with the fund at issue, and subject to different terms and conditions.  Even by Plaintiff's own argument, records of margin calls from Zanger's personal and Westwood accounts are irrelevant here.  As Plaintiff acknowledges in a motion filed simultaneously with the Motion at issue here, the Court has already found that margin calls do not constitute violations of the Agreement, and, therefore evidence of frequency of margin calls is irrelevant.  (Memorandum of Law in Support of Plaintiff's Motion In Limine To Preclude Raymond Aronson From Testifying To Undisputed Facts And Damages And From Providing A Legal Analysis, Docket Number 64, at page 5-6 (arguing that Defendant's expert witness should be precluded from testifying that margin calls are common in hedge fund accounts because the Court's Memorandum Order, dated July 16, 2008 "says that margin calls *per se* are not a violation of the Prime Broke Agreement."))  Despite

this argument, IAM now takes the contradictory position--that number of margin calls is indeed wrongful. However, even if the number of margin calls were relevant (which it is not), evidence of that allegation rises or falls on Zanger's trading for IFL and not trading tied to his unrelated personal accounts subject to their own terms and conditions.

Moreover, no inference should be drawn from Zanger's failure to turn over documents showing margin calls in his personal account. Zanger has produced over 2000 pages of records from his personal accounts. Zanger informed IAM that neither he nor his accountant have ever had possession of any additional records from his personal account. If IAM believed that Goldman Sachs was in possession of additional records, it could have and should have subpoenaed these records from Goldman Sachs. Therefore, no inference should be drawn regarding these documents which IAM could easily have attained.

At trial, Zanger will not affirmatively put forth any evidence related to margin calls in his personal accounts. However, Zanger is allowed to answer questions posed to him at trial, and the jury can determine whether trading in Zanger's personal account is at all relevant to the issue here.

### III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court deny Plaintiff's motion.

Dated: July 28, 2008                              Respectfully submitted,

                                                  *s/* Michael D. Silberfarb
                                                  Thomas H. Sear (TS-5570)
                                                  Michael D. Silberfarb (MS-9678)
                                                  Matthew E. Szwajkowski (MS-8362)
                                                  JONES DAY
                                                  222 East 41st Street
                                                  New York, NY 10017-6702
                                                  Telephone: (212) 326-3939
                                                  Facsimile: (212) 755-7306
                                                  msilberfarb@jonesday.com

                                                  *Attorneys for Defendant Daniel Zanger*

## CERTIFICATE OF SERVICE

      Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 28, 2008, he caused a true and correct copy of the attached Memorandum of Law in Opposition to Plaintiff's Motion in Limine to be served via ECF filing on all counsel so registered.

Dated:  New York, New York
           July 28, 2008

                                              s/ Michael D. Silberfarb
                                              Michael D. Silberfarb