UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               )
INDEPENDENT ASSET MANAGEMENT LLC                               )   Case No. 1:07-cv-06431-JSR
and OLA HOLMSTROM,                                             )
                                                               )
            Plaintiffs,                                        )
                                                               )   ECF
                                                               )
vs.                                                            )
                                                               )
DANIEL ZANGER,                                                 )
                                                               )
            Defendant.                                         )
                                                               )
                                                               )
-------------------------------------------------------------- X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE CONCERNING DEFENDANT'S OBLIGATION TO COVER MARGIN CALLS IN IFL'S ACCOUNT**

Defendant through its counsel hereby files this memorandum of law in opposition to Plaintiff's Motion in Limine to Preclude Defendant from Introducing Evidence Concerning Defendant's Obligation to Cover Margin Calls in IFL's Account (the "Motion").

## I. Relevant Facts

In late October 2004, Plaintiff Independent Asset Management ("IAM") and Defendant Daniel Zanger ("Zanger") entered into an Agreement[1] pursuant to which Zanger agreed to trade a class of shares of the Independent Fund Limited ("IFL" or the "Fund"), a hedge fund managed by IAM.

Zanger began trading shares of the fund in early 2005. Through October 2006, Zanger's trading resulted in the creation of at least 100 margin calls. Each of these margin calls was

---

[1] A true and correct copy of the Agreement is attached to the Zanger Declaration, filed herewith, as Exhibit 1.

timely met through the sale or appreciation of securities already in the account. There was and is no obligation on the part of Mr. Zanger to cover margin calls with his own personal funds, and he did not cover any of these margin calls with his own personal funds. In October 2006, Zanger's trading of the Fund's shares resulted, for the first time, in a pattern day trading margin call. A pattern day trading margin call (unlike the previous margin calls in the account) cannot be met through appreciation or sale of securities in the account. Instead, pattern day trading calls must be met with funds from outside the account. If a pattern day trading call is not met, a trading violation occurs.

When the pattern day trading call occurred in October 2006, Zanger withdrew in excess of $1.4 million from his personal account and placed it in IFL to cover the call in order to avoid a violation. This was the *only* time that Zanger ever placed personal funds into the IFL to meet a margin call. As noted above, every previous margin call created in the account was met through sale or liquidation of securities already in the account.

## II. Argument

Plaintiff's Motion is seriously misleading, and distorts the facts related to 115 margin calls as well as this Court's March 18, 2008 and June 16, 2008 Orders. Moreover, Plaintiff's motion, at its core, is merely a factual argument which should be presented to the jury at trial, rather than decided on a motion in limine.

A. Plaintiff Has Not Established A Course of Performance:

Most egregiously, Plaintiff argues that Zanger's course of performance establishes that he was required to cover all margin calls with funds from outside the account because, "[i]n all instances [where margin calls occurred in the account], except the two November 2006 margin

calls, Defendant eventually covered his prohibited margin deficiencies after learning of his violations." Plaintiff, therefore contends that, "Defendant has not provided any rationale for covering the margin violations and suddenly not covering the last 2 margin calls."

Plaintiff's argument blatantly distorts the *undisputed* fact that of the approximately 115 margin calls that were created and met in the Fund prior to November 2006, all but one were met by the sale or appreciation of securities already in the account. Only *one* of the 115 margin calls was met by Zanger with his personal funds from outside the account. That was the October 2006 pattern day trading margin call which was a different type of margin call than the previous margin calls. Unlike the previous margin calls, this margin call could not be met through appreciation or liquidation of securities in the account. It had to be met with cash from outside of the account. The fact that Zanger met that one call with his own funds cannot establish a course of performance that would require Zanger to meet every day trading call with his own funds from outside of the Fund.[2]

B.  There is Sufficient Evidence in the Record to Prove That Zanger Did Not Have an Obligation to Meet Margin Calls with his Personal Funds

Moreover, Plaintiff argues that, "Defendant has not introduced any evidence indicating that he was not obligated to cover his margin calls." First, this is a factual issue to be resolved at trial. Second, Plaintiff ignores that it is Plaintiff's obligation to come forth with evidence that Zanger was required to meet margin calls with his own personal funds. There simply is not any such evidence.

---

[2] Throughout its motion, Defendant refers to Zanger's creation of margin calls that were met as "violations". This characterization contradicts this Court's Summary Orders of March 18, 2008, Docket Number 33 (holding that Zanger's trading did not result in violation of applicable exchange or regulatory violations) and June 16, 2008, Docket Number 49 (holding that Zanger's creation of margins calls in the account per se did not violate the prime brokerage rules).

Plaintiff is in possession of all evidence necessary for the trier of fact to determine that Zanger was not required to meet margin calls. Notably, Plaintiff fails to cite any language from the underlying Agreement—precisely because the plain language of the Agreement fails to establish any such requirement.

Plaintiff also argues that Zanger "does not himself contend that he was not obligated to cover his margin calls." Motion, at 3. Specifically, Plaintiff argues that Zanger did not contest his obligation to cover these margin calls during his performance of the Agreement or during his deposition testimony. However, the record reveals that Zanger's position is entirely consistent with both the factual history and his deposition testimony. For example, Plaintiff indicates that at his deposition, "Defendant offered little explanation [for not covering the call], but he certainly did not contend that he did not have an obligation." (Motion, at 4). <u>citing</u> Zanger deposition at 57-58. However, Zanger was asked why he did not cover the day trading call—not whether he thought he was required to do so. His response--that he did not cover in part because he did not want to wait several weeks for his money to be returned--is entirely consistent with his position that he was not required to cover the call.[3]

---

[3] Q. Let's turn to November of 2006. You had a day trading call on November 30th of 2006; is that correct?

\*\*\*

A. There was a day trading call.

Q. And you chose not to cover that day trading call; is that correct?

\*\*\*

A. Yeah, I chose not to send in the payment for the call.

Q. And the reason that you chose not to send in the payment was because you didn't want to experience a three-to four-week wait; is that correct?

\*\*\*

A. Well it had something to do with it, yes.

Q. You were aware that if you didn't cover that call that the fund could not longer actively trade; is that correct?

A. Well, let's say that it could no longer actively trade at Goldman Sachs, but it could actively trade.

C.  <u>Defendant is Entitled to Make the Factual Argument That He Was Not Required to Meet Margin Calls with his Own Funds</u>

At its core, Plaintiff's Motion inappropriately asks this court to decide a disputed issue of fact through the exclusion of evidence. Plaintiff has presented no legitimate basis for why such evidence should be excluded. Instead, as detailed above, Plaintiff asks this Court to exclude this evidence based on a distorted version of the factual record that, even if true, would not present a sufficient basis for exclusion. Accordingly, Plaintiff's Motion should be denied.

### III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court grant this motion and any other relief it finds appropriate.

Dated: July 28, 2008                    Respectfully submitted,

*s/* Michael D. Silberfarb
Thomas H. Sear (TS-5570)
Michael D. Silberfarb (MS-9678)
Matthew E. Szwajkowski (MS-8362)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
msilberfarb@jonesday.com

*Attorneys for Defendant Daniel Zanger*

## **CERTIFICATE OF SERVICE**

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 28, 2008, he caused a true and correct copy of the attached Memorandum of Law in Opposition to Plaintiff's Motion in Limine to be served via ECF filing on all counsel so registered.

Dated: New York, New York
July 28, 2008

                                                     s/ Michael D. Silberfarb
                                                   Michael D. Silberfarb