**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

INDEPENDENT ASSET MANAGEMENT, LLC,

                            Plaintiff,

            - against -

DANIEL ZANGER,

                            Defendant.

Index No. 07-CV-6431 (JSR)

ECF

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DANIEL ZANGER'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO CERTAIN OF IAM'S DAMAGES CLAIMS**

Plaintiff Independent Asset Management ("Plaintiff" or "IAM"), by and through its attorneys, Balestriere Lanza PLLC, respectfully submits this memorandum in opposition to Defendant Daniel Zanger's ("Defendant" or "Zanger") Motion *in limine* to Exclude Evidence Related to Certain of IAM's Damage Claims.

**PRELIMINARY STATEMENT**

In October 2007, Plaintiff Independent Asset Management LLC ("Plaintiff" or "IAM") filed its Amended Complaint against Defendant Daniel Zanger ("Zanger"), alleging that Zanger's breach of contract and breach of fiduciary duty cost IAM millions of dollars.  In its Motion *in limine*, Defendant argues that evidence of certain of IAM's damages should be excluded at trial.  However, Defendant's arguments do not address the reality that IAM's losses are substantial and varied, and Defendant does not cite any authority to support its ultimate contentions.  This motion should, thus, be denied.

1

## ARGUMENT

### POINT I

### IAM CAN RECOVER FOR ITS PRINCIPALS' LOST WAGES

IAM's damages for the lost wages of its principals are recoverable because losses incurred by IAM's owners—Joe Porco and George Szele—and IAM are interconnected and impossible to separate. George Szele is a founder and controlling principal of IAM, and Joe Porco is also a founder and principal. Any other individual with an interest possesses only a nominal interest. Defendant was directly responsible for the two principals' lost wages because he shut down the Independent Fund Limited ("IFL"), IAM's, and derivatively its principals', only source of revenue. The joint venture between Zanger and IFL was structured such that shutting down IFL made it impossible for IAM to function and pay its operational costs.

### POINT II

### IAM MAY COLLECT FOR POTENTIAL LIABILITY TO INVESTORS

IAM is entitled to recover damages for future liability that it might incur from injured investors in IFL. There is a high likelihood that investors who lost money as a result of Zanger's shutting down the hedge fund will seek to recover their investment. One of these investors, Holmstrom, already gave clear indication that he will try to assert his rights as an injured party when he filed a complaint against Zanger. Because his claim was recently dismissed, he is likely to turn to IAM to recover his losses. Thus, a potential liability to Holmstrom and other investors is not merely speculative, but likely and IAM is entitled to factor that into its damages calculations.

Admittedly, whether Holmstrom ultimately decides to pursue an action against IAM for losses suffered as a result of Zanger's trading is as of yet unknown.  However, Defendant has offered no reason whatsoever as to why IAM cannot claim damages here merely because there exists a question of whether Holmstrom will sue.  Indeed, Defendant has not asserted even one reason for denying IAM relief in this regard.

Moreover, should Holmstrom decide to sue in the future, IAM would be precluded from suing Zanger for recompense for monies paid to Holmstrom. Accordingly, Defendant's motion *in limine* should be denied.

## POINT III

### IAM IS ENTITLED TO RECOVER FOR INCURRED DEBTS AND THE MONEY SPENT IN ESTABLISHING IFL

IAM can recover damages for prior debts of IAM and IFL.  IAM did indeed incur some of its debt before the Zanger shut down IFL, but it is Defendant's willful malfeasance and gross negligence that caused the fund and IAM to cease operations, thus precluding the Plaintiff from paying off its debts.  Indeed, IAM incurred bountiful expenses helping IAM and IFL get off the ground, including upon signing the contract with Zanger in October 2004.

Moreover, IAM is entitled to seek remedy for investing in the information technology infrastructure of a hedge fund which Defendant single handedly shut down. These were expenses for starting up a hedge fund that could be active for decades which were wasted when it shut down after only a couple of years in operation.

## CONCLUSION

Based on the foregoing, this Court should not grant Defendant's motion *in limine*

to exclude evidence related to certain of Plaintiff's damages claims.

Dated: New York, New York                    Respectfully submitted,
      July 28, 2008


                                        *s/ Craig Stuart Lanza*
                                        Craig Stuart Lanza (CL-2452)
                                        John Balestriere (JB- 3247)
                                        **BALESTRIERE LANZA PLLC**
                                        225 Broadway, Suite 2900
                                        New York, NY 10007
                                        Telephone:    (212) 374-5400
                                        Facsimile:    (212) 208-2613
                                        *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was served on the

following counsel of record on July 28, 2008, via the methods listed below:

**By ECF**
Michael Silberfarb
Jones Day
222 East 41st Street
New York, NY 10007
*Attorneys for Defendant*

<u>s/ Craig Stuart Lanza</u>
Craig Stuart Lanza (CL-2452)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:    (212) 374-5404
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*