UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT, LLC,<br><br>      Plaintiff,<br><br> - against -<br><br>DANIEL ZANGER,<br><br>      Defendant. | Index No. 07-CV-6431 (JSR)<br><br>ECF |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DANIEL ZANGER'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO DEFENDANT'S FORWARDING OF PERSONAL EMAILS**

Plaintiff Independent Asset Management ("Plaintiff" or "IAM"), by and through its attorneys, Balestriere Lanza PLLC, respectfully submit this memorandum in opposition to Defendant Daniel Zanger's ("Defendant" or "Zanger") Motion *in limine* to Exclude Evidence Related to Defendant's Forwarding of Personal Emails.

**ARGUMENT**

Plaintiff IAM sued Defendant Zanger, alleging a breach of contract and a breach of fiduciary duty. Among other things, IAM alleges that Zanger failed to exercise the requisite degree of care in his handling of the Independent Fund Limited ("IFL"), the hedge fund for which Zanger was trusted to trade. Specifically, IAM claims that Zanger was circulating scores of inappropriate emails to IAM's partners instead of diligently trading, assisting with marketing efforts, and otherwise satisfying all of his obligations.

Rule 403 of the Federal Rules of Evidence provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Defendant here argues that the prejudicial effect of the emails "substantially" outweighs the probative value of the evidence in question (Def's Mot. ___), yet this argument is without merit.

To be clear, Plaintiff does not intend to introduce the emails or photographs into evidence during trial. Rather, Plaintiff reserves its right to *question* Defendant about the circumstances regarding the emails and the emails themselves. However, Rule 403 would not stand in the way *even if* Plaintiff desired to admit emails as evidence in chief.

Indeed, Defendant's circulation of emails goes directly to his due diligence as a trader of IFL Class Z shares. Questioning the Defendant regarding the emails would be extremely probative to the central claims in the dispute. Without a doubt the emails are relevant and have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The emails in question were transmitted and sent while the Defendant was working for IAM. Moreover, this is not a situation involving one email but, rather, scores of inappropriate emails.

Whereas Zanger had a contractual and fiduciary duty to IAM, his sending of numerous inappropriate emails is highly probative to whether he did indeed breach his

obligations to IAM and IFL. Therefore, this evidence should not be excluded at trial, and IAM should not be prohibited from questioning Zanger accordingly.

## CONCLUSION

Based on the foregoing, this Court should deny Defendant's Motion *in limine* to Exclude Evidence Related to Defendant's Forwarding of Personal Emails.

Dated: New York, New York  
      July 28, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*  
Craig Stuart Lanza (CL-2452)  
John Balestriere (JB- 3247)  
**BALESTRIERE LANZA PLLC**  
225 Broadway, Suite 2900  
New York, NY 10007  
Telephone:   (212) 374-5400  
Facsimile:    (212) 208-2613  
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on July 28, 2008, via the methods listed below:

**By ECF**
Michael Silberfarb
Jones Day
222 East 41st Street
New York, NY 10007
*Attorneys for Defendant*

 

*s/ Craig Stuart Lanza*
Craig Stuart Lanza (CL-2452)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5404
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*