**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
                                     )

**INDEPENDENT ASSET MANAGEMENT**   )      **Case No. 1:07-cv-06431-JSR**
**LLC and OLA HOLMSTROM,**          )
                **Plaintiffs,**     )      **ECF**
**vs.**                                )
**DANIEL ZANGER,**              )
                **Defendant.**     )
                               )
                               )
                               )
                               )
                               )
-------------------------------------------------------- X

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant through its undersigned counsel hereby propose the following jury instructions:

## I.       INTRODUCTION AND GENERAL INSTRUCTIONS

Members of the jury, it is my duty to instruct you on the law applicable to this case.

It is your duty as jurors to follow the law, and to apply that law to the facts as you find them.  Counsel have quite properly referred to some of the governing rules of law in their statements. If, however, any difference appears to you between the law as stated by counsel and the law stated by me in these instructions, you are of course to be governed by my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of this case. It is not my job to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## II.    CLAIMS OF THE PARTIES IN THIS CASE

In this case, Independent Asset Management, or IAM, has made claims against Mr. Zanger and Mr. Zanger has made claims against IAM.

IAM has accused Mr. Zanger of breach of contract and breach of fiduciary duty. Mr. Zanger has accused IAM of breach of contract.

## III.    BURDEN OF PROOF

The mere fact that this lawsuit has been filed by IAM does not indicate that either party is liable to the other. Rather, IAM must prove every element of Mr. Zanger's liability by a preponderance of the evidence to prevail in its claims against Mr. Zanger. In other words, Mr. Zanger is only liable if IAM can establish that its alleged facts are more likely true than not.

Similarly, Mr. Zanger must prove every element of IAM's liability by a preponderance of the evidence to prevail in his breach of contract claim against IAM.

## IV.    BREACH OF CONTRACT

A contract is a legally enforceable agreement between two or more competent parties who have each promised to do, or refrain from doing, some lawful act. Restatement (Second) of Contracts § 1.

Interpretation of Contract:

When interpreting the contract, "accord . . . language [of the contract] its plain meaning giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish." Thompson v. Gjivoje, 896 F.2d 716 (2d Cir. 1990).

New York law applies an "objective" standard of contract interpretation. A person's secret intent has no bearing; only the intent indicated by the parties' words and acts, based on objective facts and circumstances, may be considered. Abiele Contracting, Inc. v. New York City School Constr. Auth., 91 N.Y.2d 1, 9, 666 N.Y.S.2d 970, 974 (1997) ("We have long held

that the fundamental objective when interpreting a written contract is to determine the intention of the parties as derived from the language employed in the contract."); Massachusetts Mutual Life Ins. Co. v. Thorpe, 260 A.D.2d 706, 709, 687 N.Y.S.2d 490, 492 (3d Dep't 1999) ("The most fundamental canon of contract interpretation, taking precedence over all others, is that primary attention be given to the purpose of the parties in making the contract.")

In searching for the probable intent of the parties, the "fair and reasonable" meaning of their words controls. Indeed, where the interpretation offered by one party would strain contract language beyond its reasonable and ordinary meaning, it must be rejected. You may also consider the absence of language that could have been included in the Agreement, but was not. C.P. Apparel Mfg. Corp. v. Microfibres, Inc., 210 F. Supp.2d 272, 276 (S.D.N.Y. 2000).

Breach of Contract Action:

In order to succeed in an action for breach of contract a party must show by the preponderance of the evidence that there was:

(1)  a contract between the parties;

(2)  performance of the contract by one party;

(3)  breach by the other; and

(4)  damages suffered by the non-breaching party caused by the breach. (See Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000).

(1)  A contract between the parties:

Here, the parties have stipulated that a contract does exist between the parties.

(2)  <u>Performance of the Contract</u>:

A party performs a contract where it performs all promises that are part of the agreement. In order to perform a contract, a party need not perform any promise that is not part of the agreement.

(3)  <u>Breach of Contract</u>:

A breach of contract is an unjustified refusal or failure to perform a promise that is a part of the agreement.  If an alleged promise was not part of the Agreement, then there can be no breach of contract.

The meaning and interpretation of the contract at issue in this case is an issue of fact that you must decide.

The contract in the present case dictates that a party may only breach it if the other party acts with willful malfeasance, fraud, theft, or gross negligence. (Agreement ¶ 9).  Neither party has alleged that the other party acted with fraud or theft.

Therefore, to succeed in its claims, IAM must prove by a preponderance of the evidence that Mr. Zanger's breach, if one occurred, was made with willful malfeasance or with gross negligence.  Similarly, to succeed in his claims, Zanger must prove by a preponderance of the evidence that IAM's breach, if one occurred, was made with willful malfeasance or gross negligence.

Willful behavior is defined as conduct where the party "knew what he was doing, intended to do what he did, and acted as a free agent." *In re Mallon's Estate*, 97 N.Y.S. 23, 24-25 (App. Div. 1905).  Willful malfeasance is behavior which involves willfulness based upon "a corrupt motive." *In re Mann's Will v. In re Robbins*, 296 N.Y.S. 71, 72 (App. Div. 1937).

- 4 -

Gross negligence is defined as conduct that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." *Am. Tel. & Tel. Co. v. City of New York*, 83 F.3d 549, 556 (2d Cir. 1996). IAM must prove that Mr. Zanger's conduct rises beyond mere negligence and meets this qualitatively higher threshold.

(3)  <u>Damages</u>:

IAM may only recover for loss or harm that was caused by the breach. The breach of contract is considered to have caused a loss or harm whenever the breach was a substantial factor in bringing about the loss or harm. Therefore, you may award IAM damages for loss or harm only if you find that the breach was a substantial factor in bringing about the loss or harm. <u>LNC Investments, Inc. v. First Fidelity Bank</u>, 173 F.3d 454, 464 (2d Cir. 1999). In addition, IAM may only recover for losses or harm that were within the contemplation of both Mr. Zanger and IAM in making the contract. *Cohen v. United States Fid. & Guar. Co.*, 2005 U.S. Dist. LEXIS 8015, *13 (S.D.N.Y. 2005).

Similarly, Mr. Zanger may only recover for loss or harm that was caused by the breach. The breach of contract is considered to have caused a loss or harm whenever the breach was a substantial factor in bringing about the loss or harm. Therefore, you may award Mr. Zanger damages for loss or harm only if you find that the breach was a substantial factor in bringing about the loss or harm. <u>LNC Investments, Inc. v. First Fidelity Bank</u>, 173 F.3d 454, 464 (2d Cir. 1999). In addition, Mr. Zanger may only recover for losses or harm that were within the contemplation of both Mr. Zanger and IAM in making the contract. *Cohen v. United States Fid. & Guar. Co.*, 2005 U.S. Dist. LEXIS 8015, *13 (S.D.N.Y. 2005).

NYI-4108147v2

## V.     <u>BREACH OF FIDUCIARY DUTY</u>

IAM has alleged that Mr. Zanger owed certain duties based upon the existence of a fiduciary relationship. "A cause of action for breach of fiduciary duty which is merely duplicative of a breach of contract claim cannot stand." <u>See Cal Distributor Inc. v. Cadbury Schweppes Americas Beverages, Inc.</u>, No. 06-CIV-0496-RMB, 2007 WL 54534 at *9 (S.D.N.Y. Jan. 5. 2007) (citations omitted).  If you find that IAM's claim for breach of fiduciary duty is "premised upon the same facts and seeks damages for the same alleged wrong as the breach of contract claim" that claim must be dismissed.  <u>See id.</u>

But, even if you find that IAM's claim for breach of fiduciary duty is not "premised upon the same facts and [does not] seek the same damages for the same alleged wrong as the breach of contract claim," a breach of fiduciary duty only can be maintained if you find that all of the following facts existed:

1.  A fiduciary relationship between IAM and Mr. Zanger existed at the time of the alleged breach;

2.  Mr. Zanger breached that duty;

3.  IAM suffered an amount of damages; and

4.  The breach of the duty is what directly and proximately caused those damages. <u>SCS Communs., Inc. v. Herrick Co.</u>, 360 F.3d 329, 342 (2d Cir. 2004).


(1)  <u>Fiduciary Relationship (Joint Venture)</u>:

IAM asserts that a fiduciary relationship between it and Mr. Zanger existed because they were engaged in a joint venture. If you do not find that a joint venture existed between Zanger and IAM, Zanger could not have breached a fiduciary duty to IAM.

NYI-4108147v2

In order to show that a joint venture existed, IAM must prove by a preponderance of the evidence that each of the following four elements is present:

1.  acts manifesting the intent of the parties to be associated as joint venturers.  In this case, "[t]he Agreement…does not expressly establish a joint venture between IAM and Zanger." Therefore, in order for IAM to satisfy this element, IAM must prove by a preponderance of the evidence that, outside of the Agreement, evidence exists which "clearly establishes that the parties intended to enter into a joint venture."  IAM v. Zanger, 2008 WL 2477455, at *2 (S.D.N.Y. June 16, 2008).

2.  mutual contribution to the joint undertaking through a combination of property, financial resources, efforts, skill or knowledge;

3.  a measure of joint proprietorship and control over the enterprise; and

4.  a provision for sharing profits and loss;

IAM v. Zanger, 2008 WL 2477455, at *2 (S.D.N.Y. June 16, 2008).  If you find that any one of those elements was not proven by a preponderance of the evidence, then you shall find that the joint enterprise did not exist.

(2)  Breach of Fiduciary Duty:

IAM alleges that Zanger breached a fiduciary to IAM by placing his own interests ahead of the interests of the alleged joint venture exists. (Compl. ¶ 68).  IAM has the burden to establish that Zanger placed his own interests ahead of the joint venture which IAM says exists between IAM.  Zanger does not owe any duty to IAM unless Zanger somehow wrongfully elevated his own interests above the interests of the joint venture (if a joint venture existed).

NYI-4108147v2

(3) <u>Damages</u>:

If you find that IAM and Mr. Zanger entered into a joint venture, and that Mr. Zanger breached his fiduciary duties as a member of that venture, then you must also decide whether Mr. Zanger's breach caused any loss or harm to IAM that would not otherwise have occurred. <u>LNC Investments, Inc. v. First Fidelity Bank</u>, 173 F.3d 454, 465 (2d Cir. 1999). IAM claims that Mr. Zanger must compensate it for its losses.

(4) <u>Causation</u>:

IAM must prove that Mr. Zanger's breach was not only a substantial factor in these losses, but that it also proximately caused losses that would otherwise not have been sustained. <u>Id.</u>

## VI.    <u>DAMAGES</u>

IAM and Mr. Zanger both seek remedies for their respective claims. If, but only if, you find a breach of contract or fiduciary duty, you must then consider what damages, if any, are owed by IAM or Mr. Zanger.

I will now discuss the principles governing an award of damages. In doing so, however, I do not mean to suggest either that there should or should not be a finding by you of liability. The fact that I charge you on the issue of damages does not mean that IAM or Mr. Zanger are entitled to prevail on their claims.

### <u>IAM's Claims for Damages</u>:

The burden is on IAM to prove by a preponderance of the evidence the nature and extent of any injuries or damages which it claims were caused by Mr. Zanger. IAM claims

compensatory damages for the breach of contract, and both compensatory damages and punitive damages for the breach of fiduciary duty.

The primary purpose of compensatory damages is the compensation of the victim of the legal wrong for the loss suffered as a result of that wrong. IAM need not prove its losses with mathematical precision, but must nonetheless prove damages without impermissible speculation. Transnor Ltd. V. BP North American Petroleum, 736 F. Supp. 511 (S.D.N.Y. 1990).

**Zanger's Claims for Damages**:

Monetary Damages:

Mr. Zanger claims compensatory damages for IAM's failure pay him management fees due to him under the Agreement.  Mr. Zanger must prove that he was not compensated in this manner for entrusting his funds pursuant to their agreement.

Specific Performance:

Mr. Zanger claims for specific performance and an injunction as a remedy for IAM's breach of contract for failure to provide financial and performance records to Mr. Zanger as dictated by their Contract. Specific performance requires performance of the contract duties. Mr. Zanger must prove that he is entitled to this remedy by a preponderance of the evidence. If you find that monetary damages are a sufficient remedy, then you may not grant specific performance. Restatement of Contracts (Second) § 359. However, the specific decree may be fashioned in such terms as justice requires. Greenspahn v. Seagram & Sons, Inc., 186 F.2d 616, 620 (2d Cir. 1951) (citing Restatement of Contracts § 359). In addition, where there is no accurate measure of damages available, specific performance is an appropriate remedy. Tom Doherty Assoc., Inc. v. Tor Books, 869 F. Supp. 1130, 1135 (S.D.N.Y. 1994).

<u>Damages Not Based on Sympathy or Speculation:</u>

Your calculation of damages may not be based on sympathy or speculation. Any calculation must be logically based upon the evidence that you have heard and the instructions for determining damages that I have given you. Your award must be just and fair. It should neither be excessive nor inadequate; it should be reasonable.

## VII.    <u>ORGANIZATION OF JURY</u>

When you go into the jury room to begin considering the evidence in this case, I suggest that you first select one of the members of the jury to act as a foreperson. This person will preside over your deliberations and will be your spokesperson here in Court. If it becomes necessary during your deliberations to communicate with me, the foreperson should send a written message to me.

## VIII.   <u>INSTRUCTIONS ON VERDICT FORM</u>

A form of verdict has been prepared for your convenience. You will take this form to the jury room.  [A copy of Defendant's Proposed Jury Instructions is Attached Hereto as Exhibit A].

## IX.    <u>DUTY TO DELIBERATE</u>

A verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree with it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest

NYI-4108147v2

conviction as to the weight or effect of the evidence solely because of the opinion of your fellow

jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts.

Your sole interest is to seek the truth from the evidence in the case, regardless of the

consequences.

Dated: July 28, 2008                                      Jones Day


By: _/s/ Michael D. Silberfarb_____
    Thomas H. Sear (TS-5570)
    Michael Silberfarb (MS-9678)
    JONES DAY
    222 East 41st Street
    New York, NY 10017-6702
    Telephone: (212) 326-3939
    Facsimile: (212) 755-7306

    Attorneys for Defendant
    Daniel Zanger

## <u>CERTIFICATE OF SERVICE</u>

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 28, 2008, he caused a true and correct copy of the attached Proposed Jury Instructions to be served via ECF filing on all counsel so registered.

Dated: New York, New York
      July 28, 2008

s/  Michael D. Silberfarb     
Michael D. Silberfarb

NYI-4108147v2