**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT, LLC, | Index No. 07-CV-6431 (JSR) |
| Plaintiff, | ECF |
| - against - | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| DANIEL ZANGER, | |
| Defendant. | |

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and Rule 7 of the Court's Individual Rules, Plaintiff Independent Asset Management, LLC, through its attorneys, Balestriere Lanza PLLC, hereby submits its Proposed Jury Instructions.

Dated: New York, New York
      July 28, 2008

Respectfully submitted,

*s/ Craig Stuart Lanza*
Craig Stuart Lanza (CL-2452)
John Balestriere (JB- 3247)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:   (212) 374-5400
Facsimile:   (212) 208-2613
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

1.   INTRODUCTORY INSTRUCTION ................................................................. 1

2.   EVIDENCE IN THIS CASE ........................................................................ 4

3.   FUNCTION OF THE COURT....................................................................... 6

4.   FUNCTION OF THE JURY ......................................................................... 7

5.   JURY TO DISREGARD COURT'S VIEW ................................................... 8

6.   CONDUCT OF ATTORNEYS .................................................................... 10

7.   WHAT IS AND WHAT IS NOT EVIDENCE............................................... 11

8.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ....................................... 13

9.   EVIDENCE IN THIS CASE: JUDICIAL NOTICE ...................................... 15

10.  INFERENCES DEFINED ........................................................................... 16

11.  WITNESS CREDIBILITY........................................................................... 17

12.  IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ................. 19

13.  EXPERT WITNESSES: GENERALLY........................................................ 20

14.  CONFLICTING EXPERT TESTIMONY ..................................................... 21

15.  BURDEN OF PROOF: GENERALLY.......................................................... 22

16.  BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE............... 23

17.  BURDEN OF PROOF: CLEAR AND CONVINCING EVIDENCE .............. 24

18.  PLAINTIFF'S FIRST CLAIM: BREACH OF CONTRACT .......................... 25

19.  PLAINTIFF'S SECOND CLAIM: BREACH OF FIDUCIARY DUTY ......... 26

20.  INTENTIONAL/WILLFUL MISCONDUCT DEFINED ............................. 27

21.  GROSS NEGLIGENCE DEFINED.............................................................. 28

22.  FIDUCIARY DUTY DEFINED................................................................... 29

23.  AFFIRMATIVE DEFENSES: GENERAL ................................................... 30

24.  FAILURE TO MITIGATE DEFENSE ......................................................... 31

25.  ESTOPPEL DEFENSE ............................................................................... 32

26.  LACHES DEFENSE ................................................................................... 33

27.  WAIVER DEFENSE ................................................................................... 35

28.  ACQUIESCENCE DEFENSE ..................................................................... 36

29.  COMPENSATORY DAMAGES.................................................................. 37

30.  PUNITIVE DAMAGES .................................................................................... 38

31.  RIGHT OF THE JURY TO SEE EXHIBITS AND HEAR TESTIMONY:
     COMMUNICATIONS WITH THE COURT ................................................... 39

32.  DUTY TO DELIBERATE/UNANIMOUS VERDICT .................................... 40

33.  SELECTION OF JURY FOREPERSON ........................................................ 41

34.  RETURN OF VERDICT ................................................................................. 42

**PROPOSED**

**INSTRUCTION NO. 1**

**INTRODUCTORY INSTRUCTION**

We are about to begin the trial of the case you have heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourselves during trial.

During the trial, you will hear me use a few terms that you might not have heard before.  Let me briefly explain some of the most common terms for you.

You will hear references to the terms "plaintiffs" and "defendants."  To put it as simply as possible, the plaintiff is the person who starts a lawsuit, and the defendant is the person who is sued by the plaintiff.  To be perfectly clear, plaintiffs and defendants can be individuals, groups of individuals, organizations, companies, and even governments.  In this case, the plaintiff is a company called Independent Asset Management, LLC, and I will sometimes refer to the plaintiff as IAM.  The defendant is a person named Daniel Zanger.

During your deliberations, you must not attach any significance to the terms "plaintiff" and "defendant" in weighing the evidence.  Indeed, a plaintiff must prove each element of its claim against the defendant up to the level of its burden of proof before the plaintiff can prevail.  Similarly, the defendant must meet his burden of proof for each affirmative defense or counterclaim.  I will specifically discuss the applicable burden of proof for each claim and affirmative defense farther down in these

instructions.

During the trial, I might make rulings on objections or motions made by the attorneys. It is an attorney's duty to object when the other side offers testimony or evidence that the attorneys believes is not admissible. When I "sustain" an objection, I am excluding evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am allowing that evidence to be admitted. When I say "admitted into evidence" or "received into evidence," I mean that you may consider a particular statements or the particular exhibit in making the decisions that you must make at the end of the case.

You should not be unfair or biased against an attorney or the attorney's client because the attorney made objections. Similarly, you should not be unfair or biased against an attorney or the attorney's client if I rule against that attorney. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment that I have an opinion on the merits of the case favoring one side or the other. I do not favor one side or the other.

By your verdict you will decide upon disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberations as the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should pay careful attention to the testimony and evidence presented. Keep in mind that I will instruct

you at the end of the trial about the credibility or believability of witnesses. During the trial you should keep an open mind and should not form or express an opinion about the case until you have heard all of the testimony and evidence, the attorneys' closing arguments, and my instructions to you on the law.

While trial is in progress you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss this case in your presence.

The attorneys are not allowed to speak with you during this time. When you see them or pass them in the halls and they do not speak with you, they are not being unfriendly or rude; they are simply following the law.

**PROPOSED**

**INSTRUCTION NO. 2**

**EVIDENCE IN THIS CASE**

The evidence in this case will consist of the following:

The sworn testimony of the witnesses, no matter what side might have called them to testify; all exhibits received into evidence, regardless of which side might have produced them; and all facts that might have been judicially noticed, stipulated, or admitted by the parties, all of which you must accept as true for the purposes of this case. I will explain the meaning of judicial notice and stipulated facts later on in these instructions.

Some of the testimony will be presented to you in the form of depositions, which have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness under oath before a court stenographer prior to trial. This is part of the pre-trial discovery, and each side is entitled to take depositions. In some cases, a deposition may be read into the record. The reason that this testimony has been presented to you in the form of depositions is because a number of witnesses in this trial live in foreign countries or in this country but from away from New York. These witnesses cannot be compelled to testify in New York because they are not employed by any of the parties and they are otherwise outside the practices control. You may consider the testimony given at a deposition to the same standards as you would use to evaluate the testimony of a witness given at trial.

Statements and arguments of the attorneys are not evidence in this case unless

made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the attorneys on both side stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

If I sustain an objection to any evidence or if I order evidence stricken, the evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time-consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

**PROPOSED**

**INSTRUCTION NO. 3**

**FUNCTION OF THE COURT**

You have now heard all of the evidence in this case as well as the final arguments of the attorneys for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is permitted under the law for your consideration.

On these legal issues, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you might have as to what the law might be—or ought to be—it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

**PROPOSED**

**INSTRUCTION NO. 4**

**FUNCTION OF THE JURY**

As members of the jury, you are the sole and exclusive judges of the facts.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely on your own recollection of the evidence.  What the attorneys have said in their opening statements, in their closing arguments, in their objections, or in their questions of evidence is not evidence.  Moreover, anything that I have said—or what I might say in these instructions—is not evidence.  You should bear in mind that a question put to a witness is never evidence; only the answer is evidence.  However, you may not consider any answer that I have directed you to disregard or that I directed struck from the record.  Do not consider those answers.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding he facts without bias or prejudice to any party.

**PROPOSED**

**INSTRUCTION NO. 5**

**JURY TO DISREGARD COURT'S VIEW**

I have not expressed nor have I intended to imply any opinions as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion and in accordance with the rule of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is property in evidence.  The attorneys' arguments are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You should not be concerned with the reasons for any such rulings, and you are not to draw any inferences from them.  Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.  In admitting evidence to which an objection has been made, the court does not determine what weight should be given to such evidence.  Of course, you will dismiss

from your mind completely any evidence which has been ruled inadmissible by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and the attorneys held out of your hearing or sight.

I also ask you to draw no inference form the fact that I may upon occasion have asked questions or certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. Remember at all times that you, as jurors, are the sole judges of the facts of this case. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

**PROPOSED**

**INSTRUCTION NO. 6**

**CONDUCT OF ATTORNEYS**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Attorneys also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All of those questions of law must be decided by me, the court. You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

**PROPOSED**

**INSTRUCTION NO. 7**

**WHAT IS AND WHAT IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of an attorney is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, an attorney on cross examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is not direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the attorney's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by the attorneys are not evidence, because the attorneys are not witnesses. What they have said to you in their opening statements and in their closing arguments is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the attorneys' statements, it is your recollection that controls.

Exhibits which have been marked for identification may not be considered by

you as evidence unless and until they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**PROPOSED**

**INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something they know by virtue of their own senses—something they have seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is the exhibit's present existence or condition.

Circumstantial evidence that tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used to explain this concept.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. You cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that is had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-

13

existence of some other fact. However, you should not engage in speculation, conjecture or guesswork. You may properly draw inferences from circumstantial evidence, but only when such inferences are reasonable and logical.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

**PROPOSED**

**INSTRUCTION NO. 9**

**EVIDENCE IN THIS CASE: JUDICIAL NOTICE**

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

**PROPOSED**

**INSTRUCTION NO. 10**

**INFERENCES DEFINED**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is reasoned, logical conclusion that a disputed fact exists on the basis of another fact, which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**PROPOSED**

**INSTRUCTION NO. 11**

**WITNESS CREDIBILITY**

You have had the opportunity to observe the witnesses who testified live at trial. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by each side. Clearly, both sides cannot be correct, and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the behavior of the witness on the witness stand; whether the witness impressed you as having an accurate memory and recollection; whether the witness had any motive for not telling the truth; or whether the witness had full opportunity to observe the matters about which he or she testified.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may also consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairy entitled to receive.  Always remember that you should use your common sense, your good judgment and your own life experience.

**PROPOSED**

**INSTRUCTION NO. 12**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS**

You may have heard evidence that at some earlier time a witness has said or done something that the attorney argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of a witness who contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**PROPOSED**

**INSTRUCTION NO. 13**

**EXPERT WITNESSES: GENERALLY**

In this case, I have permitted certain witnesses to express their opinion about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the others considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

**PROPOSED**

**INSTRUCTION NO. 14**

**CONFLICTING EXPERT TESTIMONY**

If you believe that the testimony of the expert witnesses is in conflict, then you must remember that their testimony relates to questions of fact and that you are the sole trier of the facts.  Therefore, it is your job to resolve any such disagreement.

The ways you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe other fact witnesses.  In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in light of all the evidence.  You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment and common sense.

You may reject the testimony of any opinion witness, in whole or in part, if you conclude the reasons given in support of an opinion are unsound or if you, for other reasons, do not believe the witness.  The determination of the facts of this case rests solely with you.

**PROPOSED**

**INSTRUCTION NO. 15**

**BURDEN OF PROOF: GENERALLY**

This is a civil case and, as such, a party asserting a claim or counterclaim has the burden of proving the material allegations of its claim by a preponderance of the evidence or by clear and convincing evidence, depending upon the specific claim alleged. In a moment, I will instruct you upon the specific burden of proof that is required for each of the claims in this case, but first I will instruct you on the meaning of the two types of burdens of proof I just mentioned.

**PROPOSED**

**INSTRUCTION NO. 16**

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which side may have called them, and all the relevant exhibits received into evidence, regardless of which side may have produced them.

The party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

23

**PROPOSED**

**INSTRUCTION NO. 17**

**BURDEN OF PROOF: CLEAR AND CONVINCING EVIDENCE**

What does "clear and convincing" evidence mean? Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. Clear and convincing proof is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. Clear and convincing proof leaves no substantial doubt in your mind. It is enough if the party with the burden of proof establishes its claim beyond any "substantial doubt"; it does not have to dispel every "reasonable doubt." "Clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

**PROPOSED**

**INSTRUCTION NO. 18**

**PLAINTIFF'S FIRST CLAIM: BREACH OF CONTRACT**

IAM claims that Mr. Zanger breached the agreement signed between the parties in October 2004. In order for IAM's contract claim to succeed, it is necessary to find that (1) a contract existed between the parties; (2) Zanger breached his obligations under the contract; (3) IAM satisfied its obligations under the contract; and (4) IAM was damages as a result of Mr. Zanger's breach. It has already been decided that there was a contract. Therefore, in order for IAM to win on its breach of contract claim, IAM must prove each of the following by a preponderance of the evidence:

First, IAM must prove that IAM fulfilled its obligations under the contract.

Second, IAM must prove that Mr. Zanger breached his obligations under the contract.

Third, IAM must prove that IAM was damaged as a result of Mr. Zanger's breach of the contract.

With respect to the first element, you must consider whether, if IAM failed to satisfy its obligations under the contract, whether Mr. Zanger consented to or waived any possible instance of IAM not complying with the contract. Indeed, if you find that Mr. Zanger waived certain provision of the contract, you may still find that IAM satisfied its obligations under the contract.

**PROPOSED**

**INSTRUCTION NO. 20**

**PLAINTIFF'S SECOND CLAIM: BREACH OF FIDUCIARY DUTY**

IAM claims that Mr. Zanger breached his fiduciary obligation to IAM by failing to exercise the requisite degree of care while trading for IFL and also by placing his own interests above that of IAM and IFL.  In order for IAM to win on its fiduciary duty claim, IAM must prove the following by a preponderance of the evidence:

First, IAM must prove that a fiduciary relationship existed between IAM and Mr. Zanger whereby Mr. Zanger owed IAM a fiduciary duty of trust, loyalty, utmost good faith, and care.

Second, IAM must prove that Mr. Zanger breached his fiduciary obligation by failing to exercise the requisite degree of care and by placing his own interests ahead of those of IAM and IFL.

When considering the first question, you must consider whether IAM and Mr. Zanger entered into a joint venture relationship.  Joint venturers owe each other a fiduciary duty of loyalty and care.

When considering the second question, you must consider, among other things, whether Mr. Zanger placed his interest in his own hedge fund, Westwood, over that of IAM or IFL, whether Mr. Zanger steered potential investors away from IFL to Westwood, whether Mr. Zanger refused to cover the last two day trading calls because he did not want to continue working with IAM, and whether Mr. Zanger failed to trade in IFL with as much care or deliberation as he did with his other trading accounts.

26

**PROPOSED**

**INSTRUCTION NO. 21**

**INTENTIONAL/WILLFUL MISCONDUCT DEFINED**

In this case, you must decide whether defendant's actions amounted to intentional or willful misconduct. Intentional or willful misconduct is more than the failure to exercise reasonable care, it occurs when a person intentionally acts or fails to act knowing that his or her conduct will probably result in injury or damage. Willful misconduct also occurs when a person acts in so reckless a manner or fails to act in circumstances where an act is clearly required, so as to indicate disregard of the consequence of his or her action or inaction.

**PROPOSED**

**INSTRUCTION NO. 22**

**GROSS NEGLIGENCE DEFINED**

In this case, you must decide whether defendant was grossly negligent. Negligence is a failure to exercise ordinary care. Gross negligence is more than the mere failure to exercise reasonable care; it means a failure to use even slight care, or conduct that is so careless as to show complete disregard for the rights and welfare of others.

**PROPOSED**

**INSTRUCTION NO. 23**

**FIDUCIARY DUTY DEFINED**

A fiduciary relationship exists between an agent and principal, signifying a relationship of trust and confidence whereby the agent is bound to exercise the utmost good faith and undivided loyalty toward the principal throughout the relationship.[1]  A fiduciary duty is the highest standard of care at either equity or law. A fiduciary is expected to be extremely loyal to the person to whom they owe the duty, and they must not put their personal interests before the duty, and must not profit from their position as a fiduciary, unless the principal consents.

In this case IAM alleges that a fiduciary relationship existed because IAM and Mr. Zanger were engaged in a joint venture, whereby all co-venturers owe one another a fiduciary duty.  A joint venture exists where the parties (1) intended to enter into a joint venture agreement (2) mutually contributed to the venture, (3) exercised joint or shared control over the venture, and (4) shared in the profits and losses of the venture.

If you find that these four factors existed, you must find that there was a joint venture and that, accordingly, there was a fiduciary relationship between Mr. Zanger and IAM.

---

[1] Sokoloff v. Harriman Estates Development Corp., 96 NY2d 409 (N.Y. 2001).

**PROPOSED**

**<u>INSTRUCTION NO. 24</u>**

**<u>AFFIRMATIVE DEFENSES: GENERAL</u>**

If you find that IAM has met its burden of proof for one or more of the claims described above, you must then consider whether Zanger established an affirmative defense against those claims. If you find that Zanger has established, by the required level of proof, an affirmative defense against a particular claim, then you must find for Zanger on that claim.

**PROPOSED**

**INSTRUCTION NO. 25**

**FAILURE TO MITIGATE DEFENSE**

It is a familiar principle of the law of damages that a party cannot recover for damages flowing from consequences that a party could have avoided.[2]  Under the doctrine of mitigation of damages, a plaintiff who suffers damages as a result of a breach of contract has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any loss which could have been avoided.  A plaintiff may not recover for damages that are avoidable through ordinary care and reasonable exertion.  The duty to mitigate damages, however, does not require an injured party to do what is unreasonable or impracticable, and has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights.

If you find that Zanger has established, by the required level of proof of a preponderance of the evidence, an affirmative defense for plaintiff's failure to mitigate damages, then you must find for Zanger.  However, if Zanger has not established, by the required preponderance of the evidence, then you must find for plaintiff and move on to consider Zanger's other affirmative defenses.

---

[2] 22 Am. Jur. 2d, Damages § 30.

31

**PROPOSED**

**INSTRUCTION NO. 26**

**ESTOPPEL DEFENSE**

In order to determine whether Zanger has established estoppel as an affirmative defense against any of IAM's claims, you must first decide whether Zanger has proved by a preponderance of the evidence that IAM unreasonably delayed in claiming breach of contract and breach of fiduciary duty. What constitutes an unreasonable delay will depend upon the circumstances that you find to exist based on the evidence that you have heard. If you determine that Zanger has not proved by a preponderance of the evidence that IAM unreasonably delayed in brining the claims, then Zanger has not established an affirmative defense of estoppel against that claim. You should then move on to consider Zanger's other affirmative defenses against that claim.

**PROPOSED**

**INSTRUCTION NO. 27**

**LACHES DEFENSE**

Zanger has raised laches as an affirmative defense, alleging that IAM cannot prevail on its claims because IAM's delay in bringing its lawsuit has caused Zanger unfair prejudice.

The doctrine of laches prevents the enforcement of a right by one party to a lawsuit where there has been an unreasonable and inexcusable delay that results in prejudice to the other party.[3]  Laches is not the same as a statute of limitations defense, which involves a fixed statutory period in which claims must be brought.[4]  Mere delay in bringing a claim, without a showing of prejudice ot the other party, is not sufficient to sustain a defense of laches.[5]  Zanger must establish that it has been prejudiced by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from any delay.[6]

In order for Zanger to establish an affirmative defense of laches, it must first prove by a preponderance of the evidence that IAM knew of its claim but unreasonably and inexcusably delayed in bringing a lawsuit.  What is reasonable or excusable will depend upon the circumstances you find to exist based upon the evidence that you have heard.  If you determine that Zanger has not proved by a preponderance of the

---

[3] Skrodelis v. Norbergs, 707 N.Y.S.2d 197, 198 (App. Div. 2000).

[4] In re Linker, 23 A.D.3d 186, 189 (App. Div. 2005).

[5] Skrodelis, 707 N.Y.S.2d at 198.

[6] Id.

33

evidence that IAM knew of its claim and unreasonably and inexcusably delayed in bringing a lawsuit, then Zanger has not established an affirmative defense of laches against that claim. You should proceed to consider Zanger's other affirmative defenses against the claims.

**PROPOSED**

**INSTRUCTION NO. 28**

**WAIVER DEFENSE**

Zanger has raised the doctrine of waiver as an affirmative defense, alleging that IAM cannot prevail on its claims because it has waived its right to bring a claim.

Waiver requires an intentional relinquishment or "giving up" of a known right.[7] A person or entity cannot waive a right or claim it does not know it possesses.[8]

In order to determine whether Zanger has established an affirmative defense or waive against one or more of IAM's claims, you must first decide whether Zanger has proved by clear and convincing evidence that IAM intentionally relinquished a known right on the basis alleged in the particular claims.

If you determine that Zanger has not proven by clear and convincing evidence that IAM waived its right to bring the particular claim, then Zanger will not have established an affirmative defense of waiver for that contract.

---

[7] Gilbert Frank Corp. v. Federal Ins. Co. 520 N.E.2d 512, 514 (N.Y. 1988).

[8] Gould v. Board of Educ., 616 N.E.2d 142, 145 (N.Y. App. Ct. 1993) ("It is a basic rule that a person may not knowingly relinquish rights that she does not knowingly possess.").

**PROPOSED**

**INSTRUCTION NO. 29**

**ACQUIESCENCE DEFENSE**

Zanger has raised the doctrine of acquiescence as an affirmative defense, alleging that IAM cannot prevail on its claims because it has ratified Zanger's conduct.  It is not sufficient that a plaintiff have held the benefits of the contract.  Instead, to establish a defense of acquiescence, a defendant must establish that plaintiff knew it had a benefit and knew it had a cause of action but nevertheless retained the benefit and knowingly reaffirmed the contract rather than commencing a cause of action.

In order to determine whether ratification has occurred in this case, you must consider, based upon the available evidence, the relevant conduct of IAM.  If you determine that Zanger has proved by a preponderance of the evidence that IAM continued to intentionally reaffirm the contract after IAM had discovered that it had a basis for a claim against Zanger, then Zanger has established an affirmative defense of acquiescence against that claim.  If you determine that Zanger has not proved by a preponderance of the evidence that IAM continued to go along with the contract and reaffirmed its validity and received its benefit after IAM had discovered that it had a basis for a claim against Zanger, then Zanger has not established an affirmative defense of acquiescence, and your finding as to that claim will be for IAM.

**PROPOSED**

**INSTRUCTION NO. 30**

**COMPENSATORY DAMAGES**

Compensatory damages are awarded in order to make the plaintiff "whole" again, in other words, monies awarded should compensate for the loss, financial injury, or harm suffered as a result of the defendant's actions. Compensatory damages are essentially a factual determination and cover all tangible and intangible injuries suffered by a party associated with the actions of the defendant. They include but are not limited to: lost wages, pain and suffering, emotional stress, operational and start-up expenses, etc.

**PROPOSED**

**INSTRUCTION NO. 31**

**PUNITIVE DAMAGES**

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct or to deter or prevent a defendant or others like the defendant from committing such conduct in the future.

You may award punitive damages against Zanger only if IAM proves by a preponderance of the evidence not only that Zanger is liable on one or more of IAM's claims, but also that Zanger engaged in such extreme or egregious misconduct as to warrant punishment. However, even if this standard is met, it is totally within your discretion to award punitive damages or not.

Similarly, the amount of punitive damages is solely within your discretion. In determining the amount of punitive damages, if any, you award, you should consider all relevant circumstances regarding the nature and reprehensibility of what Zanger did, such as the character of wrongdoing, how long the conduct transpired, Zanger's awareness of what harm the conduct caused or was likely to cause, any concealment of the wrongdoing, and the like. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by IAM. Finally, you should consider Zanger's financial condition and the impact your punitive damages award will have on Zanger.

**PROPOSED**

## INSTRUCTION NO. 32

### RIGHT OF THE JURY TO SEE EXHIBITS AND HEAR TESTIMONY: COMMUNICATIONS WITH THE COURT

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may requests that they be brought into the jury room.  If you want any of the testimony read, you may also make that request.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

**PROPOSED**

**INSTRUCTION NO. 33**

**DUTY TO DELIBERATE/UNANIMOUS VERDICT**

You will now retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourselves, but you should do so only after consideration of the case with your fellow juror, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to bias or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.  Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussion with your fellow jurors.

**PROPOSED**

**<u>INSTRUCTION NO. 34</u>**

**<u>SELECTION OF JURY FOREPERSON</u>**

When you retire you should elect one member of the jury as your foreperson.

That person will preside over the deliberations and speak for you here in open court.

**PROPOSED**

**INSTRUCTION NO. 35**

**RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the following counsel of record on July 28, 2008, via the methods listed below:

**By ECF**
Michael Silberfarb
Jones Day
222 East 41st Street
New York, NY 10007
*Attorneys for Defendant*

*s/ Craig Stuart Lanza*
Craig Stuart Lanza (CL-2452)
**BALESTRIERE LANZA PLLC**
225 Broadway, Suite 2900
New York, NY 10007
Telephone:    (212) 374-5404
Facsimile:    (212) 208-2613
*Attorneys for Plaintiff*