UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               )
INDEPENDENT ASSET MANAGEMENT LLC )           Case No. 1:07-cv-06431-JSR
and OLA HOLMSTROM,                           )
                                             )
          Plaintiffs,                        )
                                             )            ECF
vs.                                          )
                                             )
DANIEL ZANGER,                               )
                                             )
          Defendant.                         )
                                             )
-------------------------------------------------------------- X

## Defendant's Proposed Voir Dire Instructions

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

   to enable the Court to determine whether or not any prospective juror should be excused for cause;

   to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges — that is, challenges for which counsel need not give a reason.

If any of you answers "yes" to any of these questions, please stand up and, upon being recognized by me, state your name. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers. Please be assured that if you answer "yes" to any of the questions, it does not mean that you have said or done anything wrong. My questions are simply part of the jury selection process.

This case is expected to take four days to try. The schedule that I expect to maintain over those four days will be as follows:

We will normally begin the day at 9:00 a.m. promptly.  We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m.  There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m.  One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation.  On that day, the proceedings might last beyond 4:30 p.m.  We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

Does the length of this trial or the schedule contemplated by the Court present a special problem to any member of the panel?

_____

_____


**Description of the Case**

This case is an action for breach of contract and breach of fiduciary duty under the law of New York.  The plaintiff in this case is Independent Asset Management (or simply "<u>IAM</u>" or the "<u>Plaintiff</u>").  The defendant in this case is Daniel Zanger (or simply "<u>Defendant</u>" or "<u>Zanger</u>").  For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the terms breach of contract and breach of fiduciary duty once you are sworn-in as jurors and again at the conclusion of the trial.  This case involves a hedge fund called the Independent Fund Limited ("<u>IFL</u>").  For now, I will simply tell you that Plaintiff has accused Defendant of breaching his contract with and breaching his fiduciary duty to Plaintiff.  Defendant has accused Plaintiff of breaching its contract with Defendant.

Defendant denies that he breached the contract with or his fiduciary duty to Plaintiff.  Plaintiff denies that it breached its contract with Defendant.

1.    Have you heard or read anything about the dispute or parties in this case?

_____

_____

- 2 -

2. Have you or any member of your immediate family (spouse, child, or parent) ever met, heard of, or read anything about George Szele, Joseph Porco, Daniel Zanger, Ezra Zesk, Ola Holmstrom, or Raymond Aronson, who will likely be called as witnesses in this case?

_____

_____

3. Have you or any member of your immediate family ever invested or worked at a hedge fund?

_____

_____

4. Have you or any member of your immediate family ever been paid for financial advice or management?

_____

_____

5. Have you or any member of your immediate family ever traded stocks?

_____

_____

6. Have you or any member of your immediate family suffered significant investment losses within the last five years?

_____

_____

7. Have you or any member of your immediate family ever filed for bankruptcy?

_____

_____

8. Do you have any reservations about serving on the jury in a case involving hedge funds or financial management in general?

_____

_____

NYI-4107272v2

9. Have you attended, for any amount of time, college, university, or vocational school?

   _____

   _____

10. Do you hold a degree from a college or university?

    _____

    _____

11. Have you ever had any coursework in economics, business, or finance?

    _____

    _____

12. Attorneys from the law firm of Balestriere Lanza, PLLC represent the Plaintiff IAM in this case.  Attorneys from the law firm of Jones Day represent the Defendant in this case.  Do you, or any member of your immediate family, know any of the attorneys involved in the case or have you, or any member of your immediate family, had any business dealings with or been employed by any of these attorneys or their respective law firms?

    _____

    _____

13. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

    _____

    _____

14. Have you, or anyone in your immediate family, ever participated in a lawsuit as a party or in any other capacity?

    _____

    _____

15. Have you or anyone in your immediate family ever had any legal training or taken any courses on law?

    _____

    _____

NYI-4107272v2

16. Having heard the questions put to you by the Court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the Court's instructions to you on the law?

    _____

    _____

Dated: July 30, 2008                    Jones Day


                                        By:  /s/ Michael D. Silberfarb
                                            Thomas H. Sear (TS-5570)
                                            Michael Silberfarb (MS-9678)
                                            JONES DAY
                                            222 East 41st Street
                                            New York, NY 10017-6702
                                            Telephone: (212) 326-3939
                                            Facsimile: (212) 755-7306

                                            Attorneys for Defendant
                                            Daniel Zanger

- 6 -

**CERTIFICATE OF SERVICE**

      Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on July 29, 2008, he caused a true and correct copy of the attached Proposed Voir Dire Instructions to be served via ECF filing on all counsel so registered.

Dated:  New York, New York
          July 29, 2008

                                            s/ Michael D. Silberfarb
                                            Michael D. Silberfarb

NYI-4107272v2