**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

| | |
|---|---|
| INDEPENDENT ASSET MANAGEMENT LLC, | Case No. 1:07-cv-06431-JSR |
| Plaintiffs, | ECF |
| vs. | |
| DANIEL ZANGER, | |
| Defendant. | |

-------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO AMEND THE COURT'S FINAL JUDGMENT**
**TO INCLUDE PRE-JUDGMENT INTEREST**

Defendant Daniel Zanger ("Defendant") respectfully moves pursuant to Federal Rule of Civil Procedure 59 to amend the Court's Final Judgment to include pre-judgment as well as post-judgment interest.

**I. Relevant Facts**

In October 2004, Plaintiff Independent Asset Management ("IAM") and Defendant Daniel Zanger ("Zanger") entered into a contract, whereby IAM and Zanger agreed to split management and performance fees generated by the Independent Fund Limited ("IFL"), a Bermuda hedge fund of which IAM was the trading manager. (IAM Trial Exhibit 3). At trial, George Szele, a director of IAM, testified that IAM failed to pay Zanger his share of fees generated from April 2006 through December 2006 despite the fact that IAM had received these

fees from IFL. (Hearing Tr. Aug. 6, 2008, 340:5-341:11). Szele also testified that the first unpaid fee payment had been due to Zanger in June 2006. (Id.)

On August 8, 2008, after a full evidentiary trial, a jury found that IAM breached its contract with Zanger when it failed to provide Zanger with his share of fees. The jury awarded Zanger damages in the amount of $57,000. After post-judgment argument, Judge Rakoff Ordered that IAM pay Zanger a "sum of $57,000 (plus post-judgment interest at the prescribed federal rate)." See Final Judgment, dated August 22, 2008 ("Final Judgment").

## II. Argument

Zanger respectfully requests that the court amend its Final Judgment to award him *pre-judgment* as well as post judgment interest on his damages for unpaid fees. Parties are entitled to prejudgment interest on awards for damages even if they fail to request pre-judgment interest in their pleadings or the joint pre-trial consent order. See e.g. Antidote Intern. Films. Inc. V. Bloomsbury Publishing, PLC, No. 06 Civ. 6114(JSR), 2007 WL 2734265, at *1 (S.D.N.Y. Sept. 17, 2007) (Rakoff, J.) (amending the final judgment to include an award to plaintiff for pre-judgment as well as post-judgment interest despite plaintiff's failure to request pre-judgment interest in the joint pre-trial order or the complaint). Therefore, the Court should amend its Final Judgment to award Zanger pre-judgment interest. Id. This interest should be calculated based on the applicable federal rate starting in June 2006, when IAM's first payment to Zanger was due.

## III. Conclusion

For the reasons stated herein, Defendant respectfully requests that the Court grant this Motion and any other relief it finds appropriate.

3

Dated: August 22, 2008                                     Respectfully submitted,


                                                  *s/* Michael D. Silberfarb
                                                  Thomas H. Sear (TS-5570)
Michael D. Silberfarb (MS-9678)
Matthew E. Szwajkowski (MS-8362)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
msilberfarb@jonesday.com

*Attorneys for Defendant Daniel Zanger*

## **CERTIFICATE OF SERVICE**

     Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under penalty of perjury that on August 22, 2008, he caused a true and correct copy of the attached Memorandum of Law in Support of Defendant's Motion to Amend to be served via ECF filing on all counsel so registered.

Dated:  New York, New York
         August 22, 2008

                                        s/ Michael D. Silberfarb
                                        Michael D. Silberfarb