**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                         )
INDEPENDENT ASSET MANAGEMENT        )    Case No. 1:07-cv-06431-JSR
LLC,                                )
                                    )
            Plaintiffs,             )
                                    )    ECF
vs.                                 )
                                    )
DANIEL ZANGER,                      )
                                    )
            Defendant.              )
                                    )
                                    )
                                    )
                                    )
                                    )
-------------------------------------------------------- X

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO AMEND THE COURT'S FINAL JUDGMENT**
**TO INCLUDE PRE-JUDGMENT INTEREST**

Defendant Daniel Zanger ("Defendant") respectfully submits this supplemental

memorandum of law in support of his Motion to Amend the Court's Final Judgment to Include

Pre-Judgment Interest.

**I.  Relevant Facts**

In October 2004, Plaintiff Independent Asset Management ("IAM") and Defendant

Daniel Zanger ("Zanger") entered into a contract, whereby IAM and Zanger agreed to split

management and performance fees generated by the Independent Fund Limited ("IFL"), a

Bermuda hedge fund of which IAM was the trading manager.  (IAM Trial Exhibit 3).  At trial,

George Szele, a director of IAM, testified that IAM failed to pay Zanger his share of fees

generated from April 2006 through December 2006 despite the fact that IAM had received these

fees from IFL. (Hearing Tr. Aug. 6, 2008, 340:5-341:11). Szele also testified that the first

unpaid fee payment had been due to Zanger in June 2006. (Id.)

On August 8, 2008, after a full evidentiary trial, a jury found that IAM breached its

contract with Zanger when it failed to provide Zanger with his share of fees. The jury awarded

Zanger damages in the amount of $57,000. After post-judgment argument, Judge Rakoff ordered

that IAM pay Zanger a "sum of $57,000 (plus post-judgment interest at the prescribed federal

rate)." See Final Judgment, dated August 22, 2008 ("Final Judgment").

## II. **Argument**

Under New York law, Zanger is entitled to prejudgment interest on his unpaid fees.

Specifically, pursuant to N.Y.C.P.L.R. § 5004, prevailing parties in a breach of contract action

are entitled to pre-judgment interest. Atari, Inc. v. Games, Inc., 2005 WL 1053729, at *1

(S.D.N.Y. May 4, 2005) (Rakoff, J.). Also pursuant to N.Y.C.P.L.R. § 5004, the prejudgment

interest rate on contract debts is:

> (1) any legal rate . . . specified in the contract; or
>
> (2) in the absence of another contractual interest rate, 9%
> per year. . . .
>
> N.Y.C.P.L.R. § 5004 (2008); see also Id.

Parties are entitled to prejudgment interest on awards for damages even if they fail to

request pre-judgment interest in their pleadings or the joint pre-trial consent order. See e.g.

Antidote Intern. Films. Inc. V. Bloomsbury Publishing, PLC, No. 06 Civ. 6114(JSR), 2007 WL

2734265, at *1 (S.D.N.Y. Sept. 17, 2007) (Rakoff, J.) (amending the final judgment to include an

award to plaintiff for pre-judgment as well as post-judgment interest despite plaintiff's failure to

request pre-judgment interest in the joint pre-trial order or the complaint).

Conservatively, Zanger is entitled to interest on the entire amount of his unpaid fees from January 1, 2007 (the full $57,000 was unpaid as of December 2006) through July 31, 2008 (judgment was entered for Zanger in early August 2008). Because the contract between Zanger and IAM does not designate the pre-judgment interest rate applicable to damages for breach, the amount of prejudgment interest that IAM owes to Zanger should be calculated based on the default 9% rate. <u>See</u> N.Y.C.P.L.R. 5004. Zanger is therefore entitled to $8,112.50 of pre-judgment interest (calculated at simple interest rate of 9% on $57,000 from January 1, 2007 through July 31, 2008).

### III.  <u>Conclusion</u>

For the reasons stated herein, Defendant respectfully requests that the Court grant this Motion and any other relief it finds appropriate.

Dated: September 5, 2008                    Respectfully submitted,

<u>s/</u> Michael D. Silberfarb
Thomas H. Sear (TS-5570)
Michael D. Silberfarb (MS-9678)
Matthew E. Szwajkowski (MS-8362)
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
msilberfarb@jonesday.com

*Attorneys for Defendant Daniel Zanger*

## <u>CERTIFICATE OF SERVICE</u>

Michael D. Silberfarb, an attorney admitted to the Bar of this Court, certifies under

penalty of perjury that on September 5, 2008, he caused a true and correct copy of the attached

Supplemental Memorandum of Law in Support of Defendant's Motion to Amend to be served

via ECF filing on all counsel so registered.


Dated: New York, New York
        September 5, 2008


                                        s/  Michael D. Silberfarb
                                        Michael D. Silberfarb